No. 23-12737

# In the United States Court of Appeals for the Eleventh Circuit

---

YIFAN SHEN, ET AL.,
*Plaintiffs-Appellants,*

v.

COMMISSIONER, FLORIDA DEPARTMENT OF AGRICULTURE, ET AL.,
*Defendants-Appellees.*

---

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
No. 4:23-cv-00208-AW-MAF

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' TIME-SENSITIVE MOTION FOR LEAVE TO EXCEED WORD LIMIT

---

PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*henry.whitaker@myfloridalegal.com*

*Counsel for Defendants-Appellees*

*(Additional counsel on next page.)*

ASHLEY MOODY
*Attorney General of Florida*
HENRY C. WHITAKER
*Solicitor General*
DANIEL W. BELL
*Chief Deputy Solicitor General*
NATHAN A. FORRESTER
*Senior Deputy Solicitor General*
DAVID M. COSTELLO
*Deputy Solicitor General*
ROBERT S. SCHENCK
*Assistant Solicitor General*

Daniel E. Nordby

Shutts & Bowen LLP
215 South Monroe Street, Suite 804
Tallahassee, FL 32301
(850) 241-1725
*dnordby@shutts.com*

*Counsel for Defendants-Appellees*

*Shen v. Commissioner*
*Eleventh Circuit Case No. 23-12737*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Defendants-Appellees certify that, to the best of their knowledge, the following is a complete list of interested persons:

1. American Civil Liberties Union Foundation,

2. American Civil Liberties Union Foundation of Florida,

3. Anti-Racism Center of LMU Loyola Law School,

4. Aoki Center for Critical Race and Nation Studies at UC Davis School of Law,

5. Arkansas, State of,

6. Asian American Legal Defense & Education Fund,

7. Asian American Women's Political Initiative,

8. Asian Americans Advancing Justice – Asian Law Caucus,

9. Asian Americans Advancing Justice – Atlanta,

10. Asian Law Alliance,

11. Asian Pacific American Bar Association of Tampa Bay,

12. Bailey, Andrew,

13. Bell, Daniel W.,

14. Boston University Center for Antiracist Research,

15. Butler, Steve,

16. Carr, Christopher M.,

*Shen v. Commissioner*
*Eleventh Circuit Case No. 23-12737*

17.    Center for Civil Rights and Racial Justice at the University of Pittsburgh

   School of Law,

18.    Center for Immigration Law, Policy and Justice at Rutgers Law School,

19.    Center on Race, Inequality, and the Law at New York University School

   of Law,

20.    Chang, Robert Seungchul,

21.    Chin, Gabriel J.,

22.    Chinese for Affirmative Action,

23.    Clarke, Kristen,

24.    Conference of Asian Pacific American Law Faculty,

25.    Coody, Jason R.,

26.    Costello, David M.,

27.    Cuison-Villazor, Rose,

28.    DeHeng Law Group, PC,

29.    Fitch, Lynn,

30.    Fitzgerald, Patricia,

31.    Fitzpatrick, Martina A.,

32.    Florida Office of the Attorney General,

33.    Formella, John M.,

34.    Forrester, Nathan A.,

35.    Fred T. Korematsu Center for Law and Equality at Seattle University School of Law,

36.    Georgia, State of,

37.    Gorski, Ashley Marie,

38.    Griffin, Tim,

39.    Handberg, Roger B.,

40.    Harwell, Jr., Lacy R.,

41.    Hispanic National Bar Association,

42.    Idaho, State of,

43.    Indiana, State of,

44.    Jackley, Marty J.,

45.    Jadwat, Omar,

46.    Japanese American Citizens League,

47.    Jarwala, Alisha,

48.    Kelly, J. Alex,

49.    Knudsen, Austin,

50.    Koo, Elizabeth L.,

51.    Labrador, Raúl R.,

52.    LaPointe, Markenzy,

53.    Larizza, R.J.,

54.    Latino Justice PRLDEF,

55.    Lee, Dexter,

56.    Li, Bethany Yue-Ping,

57.    Liu, Yongxin,

58.    Longfield, Timothy J.,

59.    Maurer, Michael S.,

60.    Mahfooz, Sidra,

61.    Mississippi, State of,

62.    Missouri, State of,

63.    Montana, State of,

64.    Moody, Ashley,

65.    Multi-Choice Realty, LLC,

66.    National Asian Pacific American Bar Association,

67.    New Hampshire, State of,

68.    Nordby, Daniel E.,

69.    North Dakota, State of,

70.    Pagnucco, Carrie,

71.    Quinn Emanual Urquhart & Sullivan, LLP,

72.    Reyes, Sean,

73.    Rodriguez, Madeleine Kristine,

74.   Rokita, Theodore E.,

75.   Rundle, Katherine Fernandez,

76.   Sayler, Erik Louis,

77.   Schenck, Robert S.,

78.   Shaffer, Derek Lawrence,

79.   Shen, Yifan,

80.   Shutts & Bowen, LLP,

81.   Simpson, Wilton,

82.   Song, Jian,

83.   South Asian Bar Association of North America,

84.   South Carolina, State of,

85.   South Dakota, State of,

86.   Taitz, Sarah Michelle,

87.   Tang, Haiyan,

88.   Tilley, Daniel Boaz,

89.   Toomey, Patrick Christopher,

90.   Turner, Joshua Nathaniel,

91.   U.S. Department of Justice,

92.   Utah, State of,

93.   Wang, Xinxi,

94.   Warren, Nicholas,

95.   Whitaker, Henry C.,

96.   Wilson, Alan,

97.   Winsor, Honorable Allen C.,

98.   Wofsy, Cody H.,

99.   Wold, Theodore, J.,

100.  Worrell, Monique,

101.  Wrigley, Drew H.,

102.  Xu, Zhiming,

103.  Zafar, Noor,

104.  Zaman, Razeen J.,

105.  Zhu, Keliang

## DEFENDANTS' RESPONSE TO PLAINTIFFS' TIME-SENSITIVE MOTION FOR LEAVE TO EXCEED WORD LIMIT

Defendants oppose Plaintiffs' motion to exceed the word limit for their motion for an injunction pending appeal. Fed. R. App. P. 27(d)(2)(A).

Plaintiffs sued to enjoin Florida's SB 264, a law enacted in May 2023 that bars certain governments and their political agents from purchasing property and that went into effect on July 1. To prevent circumvention, the law also generally bars individuals domiciled in these countries of concern—including China, Russia, and Iran—and who are also not U.S. citizens or lawful permanent residents from purchasing certain real property in Florida. Plaintiffs are four individual Chinese nationals and one real-estate-brokerage LLC. Plaintiffs claim that SB 264 violates the Equal Protection Clause, is unconstitutionally vague, and is preempted by the Fair Housing Act and a federal foreign investment statute. In a thoroughly reasoned order, the district court concluded that Plaintiffs failed to establish a likelihood of success on the merits of any of their claims and thus denied their motion for a preliminary injunction. Plaintiffs have appealed.

Plaintiffs have now moved to expand the word limit so that they can file an overlength motion for an injunction pending appeal and have lodged their proposed overlength motion as an attachment. They contend that an expansion is "necessary" to "fully address the errors in the district court's opinion." DE3-1 at 14. But this Court grants expansions of the word limit of briefs only in "extraordinary and compelling"

circumstances, 11th Cir. Rule 32-4; at least as stringent a standard should apply to a motion to grant an injunction pending appeal, particularly where, as here, Plaintiffs seek, by motion, essentially the same relief they seek on the merits of their appeal. Plaintiffs' conclusory assertion that an expansion is "necessary" because the case is "complex" hardly suffices. DE3-1 at 14.

Plaintiffs' motion for an expansion of the word limit does not itself seek any kind of expedited consideration of the case, but the lodged motion they have attached does. As correctly noted in that lodging, Defendants would not oppose a properly filed motion to expedite the oral argument to the next available argument calendar following the conclusion of briefing, as well as expedition of Plaintiffs' own briefing deadlines. DE3-2 at 46. And Defendants will fully respond to Plaintiffs' lodged motion if either this Court grants their request for a word expansion and permits the motion to be filed, or Plaintiffs file a conforming motion.

That said, Plaintiffs' claimed exigency is exaggerated. Their exigency is principally premised on the assertion that Florida's law may interfere with Plaintiff Xu's real-estate contract, which closes at some unknown or unstated time in September, and with the business of Plaintiff Multi-Choice Realty LLC. Plaintiff Xu executed a contract in April 2023 to purchase real estate in Florida. DE3-3 at 136. But the challenged legislation includes a grandfather clause that exempts real-estate contracts open as of July 1. *See* Fla. Stat. § 692.204(3). Specifically, if an individual owned or acquired "any interest in real property" before July 1, 2023, that person may continue to "own or hold such real

2

property." *Id.* Under Florida law, Plaintiff Xu was the "owner of [his] property" once he acquired "equitable title" through the execution of a contract for the sale of the land. *See Accardo v. Brown*, 139 So. 3d 848, 856 (Fla. 2014). As for Multi-Choice Realty, its mundane business complaint about "losing customers," DE3-1 at 15, hardly presents a burning exigency. The only concrete evidence Multi-Choice presented below in support of that assertion was to identify a single client who was refused financing in connection with a real-estate contract executed in 2019 that had, at least as of the beginning of July, for unexplained reasons not yet closed. DE3-3 at 222, 231. But as with Plaintiff Xu, because this contract is subject to the grandfather clause, it is not subject to Florida's new law, either.

If the Court grants the expanded word limit Plaintiffs request, the Court should afford the State the same expansion of words and 14 days to respond to Plaintiffs' motion (an expansion of four days, *see* Fed. R. App. P. 27(3)(A)), which is reasonably proportionate to the expansion that Plaintiffs seek. In addition, Idalia, a projected category three hurricane, is scheduled to hit Tallahassee tomorrow morning and warrants additional time to respond to Plaintiffs' motion even if an expansion is not granted.

Dated: August 29, 2023

Respectfully submitted,

ASHLEY MOODY
  *Attorney General of Florida*

DANIEL E. NORDBY

Shutts & Bowen LLP
215 South Monroe Street, Suite 804
Tallahassee, FL 32301
(850) 241-1725
*dnordby@shutts.com*

*Counsel for Defendants-Appellees*

*/s/ Henry C. Whitaker*
HENRY C. WHITAKER
  *Solicitor General*
DANIEL W. BELL
  *Chief Deputy Solicitor General*
NATHAN A. FORRESTER
  *Senior Deputy Solicitor General*
DAVID M. COSTELLO
  *Deputy Solicitor General*
ROBERT S. SCHENCK
  *Assistant Solicitor General*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
*henry.whitaker@myfloridalegal.com*

*Counsel for Defendants-Appellees*

4

## CERTIFICATE OF COMPLIANCE

1.      This document complies with Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 735 words.

2.      This document complies with the typeface and type-style requirements of Fed. R. App. P. 27, Fed. R. App. P. 32(a)(5), and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

*/s/ Henry C. Whitaker*
Solicitor General

5

## CERTIFICATE OF SERVICE

I certify that on August 29, 2023, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Henry C. Whitaker*
Solicitor General