No. 23-12737

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

———————

YIFAN SHEN, et al.,

*Plaintiffs-Appellant*,

v.

WILTON SIMPSON, in his official capacity as
Florida Commissioner of Agriculture, et al.,

*Defendants-Appellees*.

———————

On Appeal from the United States District Court for the
Northern District of Florida, No. 4:23-cv-208 (Winsor, A.)

———————

## MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE IN SUPPORT OF PLAINTIFFS-APPELLANTS BY RACIAL JUSTICE CENTERS, AFFINITY BAR AND PROFESSIONAL ASSOCIATIONS, AND CIVIL RIGHTS ADVOCACY ORGANIZATIONS

———————

Madeleine K. Rodriguez
Stephen C. Robin
Susanna Y. Chi
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1720
mrodriguez@foleyhoag.com
*Counsel for Amici Curiae*

*Counsel list continued on the following page*

*Additional Counsel*

**Robert S. Chang**
Ronald A. Peterson Law Clinic
Seattle University School of Law
901 12th Avenue
Seattle, WA 98122-1090
(206) 398-4025
changro@seattleu.edu

Counsel for Amicus Curiae
FRED T. KOREMATSU CENTER FOR LAW
AND EQUALITY

**Gabriel J. Chin**
UC Davis School of Law
400 Mrak Hall Dr.
Davis, CA 95616
(530) 752-3112
gjchin@ucdavis.edu

Counsel for Amicus Curiae
AOKI CENTER FOR CRITICAL RACE AND
NATION STUDIES

**Rose Cuison-Villazor**
Rutgers Law School
123 Washington Street
Newark, NJ 07102
(973) 535-3159
rose.villazor@law.rutgers.edu

Counsel for Amicus Curiae
CENTER FOR IMMIGRATION LAW,
POLICY AND JUSTICE

October 10, 2023

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Amici certify that the following individuals and entities may have an interest in the outcome of this case or appeal.

1.  18 Million Rising, *Amicus Curiae supporting Plaintiffs-Appellants*

2.  AAPI Equity Alliance, *Amicus Curiae supporting Plaintiffs-Appellants*

3.  American Civil Liberties Union Foundation, *Attorney for Plaintiffs–Appellants*

4.  American Civil Liberties Union Foundation of Florida, *Attorney for Plaintiffs–Appellants*

5.  Anti-Racism Center of LMU Loyola Law School, *Amicus Curiae supporting Plaintiffs-Appellants in proceedings below*

6.  Aoki Center for Critical Race and Nation Studies at UC Davis School of Law, *Amicus Curiae supporting Plaintiffs-Appellants*

7.  Arkansas, State of, *Amicus Curiae supporting Defendants-Appellees*

8.  Asian Americans Advancing Justice – Asian Law Caucus, *Amicus Curiae supporting Plaintiffs-Appellants*

9.  Asian Americans Advancing Justice Atlanta, *Amicus Curiae supporting Plaintiffs-Appellants*

10.    Asian Americans Advancing Justice – Chicago, *Amicus Curiae supporting Plaintiffs-Appellants*

11.    Asian Americans Advancing Justice – Southern California, *Amicus Curiae supporting Plaintiffs-Appellants*

12.    Asian American Legal Defense & Education Fund, *Attorney for Plaintiffs–Appellants*

13.    Asian American Women's Political Initiative, *Amicus Curiae supporting Plaintiffs-Appellants*

14.    Asian Law Alliance, *Amicus Curiae supporting Plaintiffs-Appellants*

15.    Asian Pacific American Bar Association of South Florida, *Amicus Curiae supporting Plaintiffs-Appellants*

16.    Asian Pacific American Bar Association of Tampa Bay, *Amicus Curiae supporting Plaintiffs-Appellants*

17.    Bailey, Andrew, *Amicus Curiae supporting Defendants-Appellees*

18.    Bell, Daniel William, *Attorney for Defendants–Appellees*

19.    Boston University Center for Antiracist Research, *Amicus Curiae supporting Plaintiffs-Appellants*

20.    Butler, Steve, *Attorney for U.S. Department of Justice*

21.    Carr, Christopher M., *Amicus Curiae supporting Defendants-Appellees*

22.     Center for Civil Rights and Racial Justice at the University Pittsburgh School of Law, *Amicus Curiae supporting Plaintiffs-Appellants*

23.     Center for Immigration Law, Policy, and Justice at Rutgers Law School, *Amicus Curiae, supporting Plaintiffs-Appellants*

24.     Center for Race, Inequality, and the Law at New York University School of Law, *Amicus Curiae supporting Plaintiffs-Appellants*

25.     Chang, Robert Seungchul, *Attorney for Amici Curiae Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

26.     Chi, Susanna Y., *Attorney for Amici Curiae Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

27.     Chin, Gabriel J., *Attorney for Amici Curiae Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

28.     Chinese for Affirmative Action, *Amicus Curiae supporting Plaintiffs-Appellants*

29.     Clarke, Kristen, *Attorney for U.S. Department of Justice*

30.     Conference of Asian Pacific American Law Faculty, *Amicus Curiae supporting Plaintiffs-Appellants*

v

31.   Coody, Jason R, *Attorney for U.S. Department of Justice*

32.   Costello, David M., *Attorney for Defendants–Appellees*

33.   Cuison-Villazor, Rose, *Attorney for Amici Curiae Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

34.   DeHeng Law Offices, PC, *Attorney for Plaintiffs–Appellants*

35.   Fitch, Lynn, *Amicus Curiae supporting Defendants-Appellees*

36.   Fitzgerald, Patricia, *Defendant–Appellee*

37.   Fitzpatrick, Martin A., *Magistrate Judge for the Northern District of Florida*

38.   Florida Attorney General's Office, *Attorney for Defendants–Appellee*

39.   Florida Muslim Bar Association, *Amicus Curiae supporting Plaintiffs-Appellants*

40.   Florida Office of the Solicitor General, *Attorney for Defendants–Appellee*

41.   Foley Hoag, LLP, *Attorney for Amici Curiae Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

42.   Formello, John M., *Amicus Curiae supporting Defendants-Appellees*

43.   Forrester, Nathan Andrew, *Attorney for Defendants–Appellees*

44. Fred T. Korematsu Center for Law and Equality at Seattle University School of Law, *Amicus Curiae supporting Plaintiffs-Appellants*

45. Georgia, State of, *Amicus Curiae supporting Defendants-Appellees*

46. Greater Orlando Asian American Bar Association, *Amicus Curiae supporting Plaintiffs-Appellants*

47. Gorski, Ashley Marie, *Attorney for Plaintiffs–Appellants*

48. Griffin, Tim, *Amicus Curiae supporting Defendants-Appellees*

49. Handberg, Roger B., *Attorney for U.S. Department of Justice*

50. Harwell Jr., Lacy R., *Attorney for U.S. Department of Justice*

51. Hispanic National Bar Association, *Amicus Curiae supporting Plaintiffs-Appellants*

52. Idaho, State of, *Amicus Curiae supporting Defendants-Appellees*

53. Indiana, State of, *Amicus Curiae supporting Defendants-Appellees*

54. Jackley, Marty J., *Amicus Curiae supporting Defendants-Appellees*

55. Jacobs, Arthur I., *Attorney for State Attorney Defendants in proceedings below*

56. Jacksonville Asian American Bar Association, *Amicus Curiae supporting Plaintiffs-Appellants*

57. Jadwat, Omar, *Attorney for Plaintiffs–Appellants*

58.    Japanese American Citizens League, *Amicus Curiae supporting Plaintiffs-Appellants in proceedings below*

59.    Jarwala, Alisha, *Attorney for U.S. Department of Justice*

60.    Kelly, J. Alex, *Defendant–Appellee*

61.    Knudsen, Austin, *Amicus Curiae supporting Defendants-Appellees*

62.    Koo, Elizabeth L., *Attorney for Plaintiffs–Appellants*

63.    Labrador, Raul R., *Attorney for Amici Curiae State of Idaho, et al.*

64.    Lapointe, Markenzy, *Attorney for U.S. Department of Justice,*

65.    Larizza, R.J., *Defendant*

66.    Latino Justice PRLDEF, *Amicus Curiae supporting Plaintiffs-Appellants*

67.    Lee, Dexter, *Attorney for U.S. Department of Justice*

68.    Li, Bethany Yue-Ping, *Attorney for Plaintiffs–Appellants*

69.    Liu, Yongxin, *Plaintiff–Appellant*

70.    Longfield, Timothy J., *Attorney for Amici Curiae State of Idaho,et al.*

71.    Maurer, Michael S., *Attorney for U.S. Department of Justice*

72.    Mahfooz, Sidra, *Attorney for Plaintiffs–Appellants*

73.    Mississippi, State of, *Amicus Curiae supporting Defendants-Appellees*

74.    Missouri, State of, *Amicus Curiae supporting Defendants-Appellees*

75.    Montana, State of, *Amicus Curiae supporting Defendants-Appellees*

76.      Moody, Ashley, *Attorney for Defendants–Appellees*

77.      Multi-Choice Realty, LLC, *Plaintiff–Appellant*

78.      National Asian Pacific American Bar Association, *Amicus Curiae supporting Plaintiffs-Appellants*

79.      National Filipino American Lawyers Association, *Amicus Curiae supporting Plaintiffs-Appellants*

80.      National Korean American Service & Education Consortium, *Amicus Curiae supporting Plaintiffs-Appellants*

81.      New Hampshire, State of, *Amicus Curiae supporting Defendants-Appellees*

82.      Nordby, Daniel E., *Attorney for Defendants–Appellees*

83.      North Dakota, State of, *Amicus Curiae supporting Defendants-Appellees*

84.      Pagnucco, Carrie, *Attorney for U.S. Department of Justice*

85.      Quinn Emanuel Urquhart & Sullivan, LLP, *Attorney for Plaintiffs–Appellants*

86.      Rather, Shaiba, *Attorney for Plaintiffs–Appellants*

87.      Reyes, Sean, *Amicus Curiae supporting Defendants-Appellees*

88.   Robin, Stephen Charles, *Attorney for Amici Curiae Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

89.   Rodriguez, Madeleine Kristine, *Attorney for Amici Curiae Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

90.   Rokita, Theodore E., *Amicus Curiae supporting Defendants-Appellees*

91.   Rundle, Katherine Fernandez, *Defendant*

92.   Sayler, Erik Louis, *Attorney for Defendants–Appellees*

93.   Schenck, Robert Scott, *Attorney for Defendants–Appellees*

94.   Shaffer, Derek Lawrence, *Attorney for Plaintiffs–Appellants*

95.   Shen, Yifan, *Plaintiff–Appellant*

96.   Shutts & Bowern, LLP, *Attorney for Defendants–Appellees*

97.   Simpson, Wilton, *Defendant–Appellee*

98.   Song, Jian, *Owner of Plaintiff Multi-Choice Realty, LLC*

99.   South Asian Bar Association of North America, *Amicus Curiae supporting Plaintiffs-Appellants*

100.   South Carolina, State of, *Amicus Curiae supporting Defendants-Appellees*

101.  South Dakota, State of, *Amicus Curiae supporting Defendants-Appellees*

102.  Stop AAPI Hate, *Amicus Curiae supporting Plaintiffs-Appellants*

103.  Taitz, Sarah Michelle, *Former Attorney for Plaintiffs–Appellants*

104.  Tang, Haiyan, *Attorney for Plaintiffs–Appellants*

105.  Tilley, Daniel Boaz, *Attorney for Plaintiffs–Appellants*

106.  Toomey, Patrick Christopher, *Attorney for Plaintiffs–Appellants*

107.  Turner, Joshua Nathaniel, *Attorney for Amici Curiae State of Idaho, et al.*

108.  U.S. Department of Justice, *United States' Statement of Interest*

109.  Utah, State of, *Amicus Curiae supporting Defendants-Appellees*

110.  Wang, Xinxi, *Plaintiff–Appellant*

111.  Warren, Nicholas, *Attorney for Plaintiffs–Appellants*

112.  Whitaker, Henry Charles, *Attorney for Defendants–Appellees*

113.  Wilson, Alan, *Amicus Curiae supporting Defendants-Appellees*

114.  Winsor, Hon. Allen, *District Court Judge for the Northern District of Florida and District Court Judge in proceedings below*

115.  Wofsy, Cody H., *Attorney for Plaintiffs–Appellants*

116.  Wold, Theodore J., *Attorney for Amicus Curiae State of Idaho, et al.*

117.  Worrell, Monique H., *Defendant*

118.  Wrigley, Drew H., *Amicus Curiae supporting Defendants-Appellees*

119.  Xu, Zhiming, *Plaintiff–Appellant*

120.  Zafar, Noor, *Attorney for Plaintiffs–Appellants*

121.  Zaman, Razeen J., *Attorney for Plaintiffs–Appellants*

122.  Zhu, Keliang, *Attorney for Plaintiffs–Appellants*

Dated: October 10, 2023

*/s/ Madeleine Rodriguez*

Madeleine Rodriguez, Esq.

Foley Hoag, LLP

*Attorney for Amici Curiae Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

## CORPORATE DISCLOSURE STATEMENTS

Consistent with Federal Rules of Appellate Procedure 26.1 and 29(c)(1), undersigned counsel for amici make the following disclosures:

*Racial Justice Centers*

### Fred T. Korematsu Center for Law and Equality at Seattle University School of Law

The Fred T. Korematsu Center for Law and Equality ("Korematsu Center") is a research and advocacy organization based at Seattle University, a non-profit educational institution under Section 501(c)(3) of the Internal Revenue Code. The Korematsu Center does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Center for Immigration Law, Policy, and Justice at Rutgers Law School

The Center for Immigration Law, Policy, and Justice at Rutgers Law School ("CILPJ") is a policy-based center that advocates for the adoption of equitable and more inclusive laws, regulations, policies, and practices for all people – citizens and non-citizens alike. CILPJ is based at Rutgers University, a non-profit educational institution under Section 501(c)(3) of the Internal Revenue Code. Rutgers University does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

**Aoki Center for Critical Race and Nation Studies at UC Davis School of Law**

The Aoki Center for Critical Race and Nation Studies at UC Davis School of Law ("Aoki Center") is a program of the University of California, Davis, School of Law, a non-profit educational institution under Section 501(c)(3) of the Internal Revenue Code. University of California, Davis does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

**Center on Race, Inequality, and the Law at New York University School of Law**

The Center on Race, Inequality, and the Law ("CRIL") is a research and advocacy organization based at New York University, a non-profit educational institution under Section 501(c)(3) of the Internal Revenue Code. CRIL does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

**Boston University Center for Antiracist Research**

The Boston University Center for Antiracist Research is a research center based at Boston University, a non-profit educational institution under Section 501(c)(3) of the Internal Revenue Code. The BU Center for Antiracist Research does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

**Center for Civil Rights and Racial Justice at the University of Pittsburgh School of Law**

The University of Pittsburgh School of Law Center for Civil Rights and Racial Justice mission is to facilitate community-engaged teaching, research, and service in the area of civil rights. It is based at the University of Pittsburgh, a non-profit educational institution under Section 501(c)(3) of the Internal Revenue Code. The University of Pittsburgh does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

*Affinity Bar/Professional Associations:*

**Asian Pacific American Bar Association of South Florida**

The Asian Pacific American Bar Association of South Florida does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

**Asian Pacific American Bar Association of Tampa Bay**

The Asian Pacific American Bar Association of Tampa Bay does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

**Conference of Asian Pacific American Law Faculty**

The Conference of Asian Pacific American Law Faculty does not have any parent corporation or issue stock and consequently there exists no publicly held

corporation which owns 10 percent or more of its stock.

### Florida Muslim Bar Association

The Florida Muslim Bar Association does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Greater Orlando Asian American Bar Association

The Greater Orlando Asian American Bar Association does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Hispanic National Bar Association

The Hispanic National Bar Association does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Jacksonville Asian American Bar Association

The Jacksonville Asian American Bar Association does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### National Asian Pacific American Bar Association

The National Asian Pacific American Bar Association does not have any parent corporation or issue stock and consequently there exists no publicly held

corporation which owns 10 percent or more of its stock.

### National Filipino American Lawyers Association

The National Filipino American Lawyers Association does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### South Asian Bar Association of North America

The South Asian Bar Association of North America does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

*Civil Rights and Other Advocacy Organizations:*

### 18 Million Rising

18 Million Rising is a nongovernmental corporation with no parent corporation and it does not issue stock, which means that no publicly held corporation owns 10% or more of its stock.

### Asian Americans Advancing Justice - Asian Law Caucus

Asian Americans Advancing Justice - Asian Law Caucus does not have a parent corporation and no publicly traded corporation currently owns 10% or more of its stock.

### Asian Americans Advancing Justice – Atlanta

Asian Americans Advancing Justice-Atlanta ("Advancing Justice-Atlanta")

does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Asian Americans Advancing Justice | Chicago

Asian Americans Advancing Justice | Chicago ("Advancing Justice | Chicago") does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Asian Americans Advancing Justice – Southern California

Asian Americans Advancing Justice – Southern California does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### AAPI Equity Alliance

AAPI Equity Alliance does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Asian American Women's Political Initiative

The Asian American Women's Political Initiative ("AAWPI") does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Asian Law Alliance

The Santa Clara County Asian Law Alliance does not have any parent

corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Chinese for Affirmative Action

Chinese for Affirmative Action ("CAA") does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### LatinoJustice PRLDEF

LatinoJustice PRLDEF does not issue any stock, and thus there is no publicly held corporation that owns 10% or more of its stock.  It does not have a parent organization.

### National Korean American Service & Education Consortium

National Korean American Service & Education Consortium (NAKASEC) does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

### Stop AAPI Hate

Stop AAPI Hate is fiscally sponsored by Chinese for Affirmative Action. Chinese for Affirmative Action ("CAA") does not have any parent corporation or issue stock and consequently there exists no publicly held corporation which owns 10 percent or more of its stock.

## MOTION FOR LEAVE TO FILE AMICUS BRIEF

The below coalition of racial justice centers, affinity bar and professional associations, and civil rights advocacy organizations (collectively the "Amici"), respectfully move for leave to file a brief as amici curiae (the "Brief") in support of Plaintiffs-Appellants and their appeal of the District Court's denial of their Motion for Preliminary Injunction. Amici's proposed Brief is attached as Exhibit A.

## INTEREST OF AMICI CURIAE

Amici are renowned racial justice centers, affinity bar and professional associations, and civil rights advocacy organizations with knowledge and expertise in addressing historical, empirical, and pervasive manifestations of racism and inequality in the legal system and society.

*Racial Justice Centers[1]*

### Fred T. Korematsu Center for Law and Equality at Seattle University School of Law

The Fred T. Korematsu Center for Law and Equality at Seattle University School of Law ("Korematsu Center") is a non-profit organization based at the Seattle University School of Law. The Korematsu Center works to advance justice through research, advocacy, and education. Inspired by the legacy of Fred Korematsu, who defied military orders during World War II that ultimately led to the unlawful

---

[1] The views represented by the Amici Racial Justice Centers do not represent the views of their home institutions.

incarceration of 120,000 Japanese Americans, the Korematsu Center works to advance social justice for all. The Korematsu Center has a special interest in addressing government action targeted at classes of persons based on race or nationality. Drawing on its experiences and expertise, the Korematsu Center seeks to ensure that courts understand the historical—and, at times, profoundly unjust— underpinnings of arguments asserted to support the exercise of such unchecked executive power. The Korematsu Center does not, in this brief or otherwise, represent the official views of Seattle University.

### Center for Immigration Law, Policy, and Justice at Rutgers Law School

Established in 2018, the Center for Immigration Law, Policy, and Justice ("CIPLPJ") at Rutgers Law School explores contemporary and historical immigration and citizenship laws to better understand the complex ways that law and society determine who belongs in the United States. Through interdisciplinary scholarship, legal, policy and advocacy-based initiatives and public engagement, the Center supports the work of faculty, scholars and students within the law school and the broader Rutgers University Newark community who seek to understand immigration and citizenship law from an interdisciplinary perspective. By examining immigration laws, policies, regulations and practices from different views, including law, history, arts, culture, media, economics, political science, sociology and other fields, the Center aims to provide a broader understanding of the

body of laws that determine who may enter, reside and become full members of the United States polity and the rights to which they are entitled while they are within this country. Importantly, the CILPJ advocates for and supports legal, policy and advocacy initiatives that protect the due process and equal protection rights of immigrants and their families.

### Aoki Center for Critical Race and Nation Studies at UC Davis School of Law

The Aoki Center for Critical Race and Nation Studies at UC Davis School of Law ("Aoki Center") is a program of the University of California, Davis, School of Law. It was formed to critically examine legal issues through the lens of race, ethnicity, citizenship, and class. The Aoki Center seeks to advance civil rights, critical race theory, and immigration issues through furthering scholarly research on the intersection of race and the law, and thus has a significant interest in the outcome of the instant dispute.

### Center on Race, Inequality, and the Law at New York University School of Law

The Center on Race, Inequality, and the Law at New York University School of Law (the "CRIL") works to highlight and dismantle structures and institutions that have been infected by racial bias, plagued by inequality, and visited harm upon marginalized groups, particularly within communities of color. CRIL fulfills its mission through public education, research, advocacy, and litigation. It has a special

interest in ensuring that courts exercise their broad remedial powers to strike down racially discriminatory laws and vindicate the constitutional and statutory rights of those subjected to harm at the hands of government.

### Boston University Center for Antiracist Research

The Boston University Center for Antiracist Research (the "Center") is a nonpartisan, nonprofit university-based center that seeks to facilitate antiracist social change through research, policy, narrative, and advocacy initiatives. The Center's animating goal is to eliminate racism through a rigorous, research-based, and integrative approach. Accordingly, the Center has a keen interest in challenging discriminatory property restrictions targeting people based on race or national origin. The Center joins this brief to provide critical context regarding the use of alien land laws as mechanism of anti-Asian racism and exclusion. The Center does not, in this brief or otherwise, represent the official views of Boston University.

### Center for Civil Rights and Racial Justice at the University of Pittsburgh School of Law

The Center for Civil Rights and Racial Justice at the University of Pittsburgh School of Law ("CCRJ") aims to address systemic disparities through a legal contextual lens. The mission of CCRJ is to facilitate community-engaged teaching, research, and service and will serve as a hub and visible manifestation of the Law School's commitment to legal issues regarding these issues. CCRJ serves as a convener of efforts to advance constitutional, legislative, and regulatory protections

of civil rights at the federal, state, and local levels. CCRJ works closely with community partners, to serve as both a laboratory and a hub for researching and recommending solutions to be adopted by local and national communities facing systemic disparities in police violence, prisons, housing, education, and health.

*Affinity Bar/Professional Associations*

### Asian Pacific American Bar Association of South Florida

The Asian Pacific American Bar Association of South Florida (APABA) is a non-profit, voluntary bar association of attorneys in Miami-Dade, Broward, and Palm Beach counties dedicated to serving as a resource to Asian Pacific Islander American (APIA) attorneys in South Florida. APABA works to eliminate discrimination and prejudice against APIA attorneys, provides impactful programming to meet the needs of the South Florida APIA community, and offers career and academic counseling services to APIA law students. APABA's mission is to promote the common interests of APIA attorneys who are members of The Florida Bar and practice law in South Florida.

### Asian Pacific American Bar Association of Tampa Bay

The Asian Pacific American Bar Association of Tampa Bay ("APABA Tampa") is a voluntary bar association of attorneys, judges, and law students, who serve the Greater Tampa Bay area. APABA Tampa is an affiliate member of NAPABA, which represents the interests of over 60,000 Asian Pacific American

("APA") attorneys, judges, and law students, working in solo practices, small and large firms, corporations, nonprofit and legal services organizations, law schools, and government agencies. APABA Tampa seeks to carry out the mission statement of NAPABA – promoting "justice, equity and opportunity for Asian Pacific Americans" and fostering "professional development, legal scholarship, advocacy and community involvement." To further that, APABA Tampa issued a joint statement with NAPABA and affiliated Asian Pacific American bar associations in Florida to oppose the provisions of the Florida Senate Bill 264 or "Conveyances to Foreign Entities Law."

**Conference of Asian Pacific American Law Faculty**

The Conference of Asian Pacific American Law Faculty ("CAPALF") was formed in 1994 with the first national gathering of Asian Pacific American law teachers. The organization has since become a nonprofit corporation with a mission to contribute to the well-being of APA communities, to create a professional network, and to host conferences. CAPALF encourages the participation not only of Asian Pacific Americans, but all those whose work relates to issues significant to APA communities. As a group that was subjected to discriminatory immigration restrictions, naturalization laws, and alien land laws, often based on the perceived threat they posed to certain communities, states, and the nation, Asian Pacific Americans are in a unique position to offer our historical experience as an object

lesson to inform the courts and the public about the dangers posed by laws that single out persons from certain countries for discriminatory treatment.

### Florida Muslim Bar Association

The Florida Muslim Bar Association ("FMBA") is a non-profit organization that represents the interest of Muslim attorneys throughout the state of Florida. FMBA strives to organize and represent Muslim attorneys in Florida, encourage the entry of Muslim men and women into the legal profession, and to improve the position of the Muslim community at large by addressing issues affecting the local and national community about matters affecting the Muslim community.

### Greater Orlando Asian American Bar Association

The Greater Orlando Asian American Bar Association ("GOAABA") is a voluntary bar association consisting of attorneys, judges, law professors, and law students who serve the Greater Orlando, Florida area. GOAABA advocates and represents the interests of the Asian Pacific American ("APA") community of the Greater Orlando, Florida area; encourages and promotes the professional growth of the members of GOAABA; facilitates client referrals and broadens professional opportunities for APA attorneys; fosters the exchange of ideas and information among and between the members of GOAABA and other members of the legal profession, the judiciary and the legal community; and coordinates legal services to the APA communities in the Greater Orlando area. Since its incorporation in 2009,

GOAABA has served as the leading local voice for promoting justice, equity, and opportunity for Asian Pacific Americans in the Greater Orlando, Florida area.

### Hispanic National Bar Association

The Hispanic National Bar Association ("HNBA") is a non-profit organization that represents the interests of Hispanic legal professionals in the United States and its territories. HNBA has members across the U.S., including in Florida. HNBA is committed to advocacy on issues of importance to the Hispanic community living in the United States.

### Jacksonville Asian American Bar Association

The Jacksonville Asian American Bar Association (JAABA) is a voluntary bar association of attorneys, judges, and law students, who serve the Jacksonville and North Florida areas. JAABA is an affiliate member of the National Asian Pacific American Bar Association (the "NAPABA"). NAPABA is the nation's largest Asian Pacific American membership organization, representing the interest of 60,000 attorneys, judges, law professors, and law students, and nearly 90 national, state, and local APA bar associations. JAABA seeks to carry on NAPABA's mission of promoting justice, equity, and opportunity for Asian Pacific Americans and fostering professional development, legal scholarship, advocacy, and community involvement toward achieving those goals.

### National Asian Pacific American Bar Association

The National Asian Pacific American Bar Association ("NAPABA") is the nation's largest Asian Pacific American membership organization, representing the interest of 60,000 attorneys, judges, law professors, and law students. NAPABA serves as the national voice for the Asian Pacific American legal profession. It promotes justice, equity, and opportunity for Asian Pacific Americans and fosters professional development, legal scholarship, advocacy, and community involvement toward achieving those goals.

### National Filipino American Lawyers Association

The National Filipino American Lawyers Association ("NFALA") is a national associate organization of NAPABA. NFALA is the national voice for the Filipino American legal profession and is an advocate for justice, civil rights, and equal opportunity for the Filipino American community. NFALA is a family, comprised of members throughout the United States, with the shared goal of increasing its national growth, impact, and visibility while also celebrating its members' cultural heritage.

### South Asian Bar Association of North America

The South Asian Bar Association of North America ("SABANA") is an international bar association that seeks to strengthen the rapidly growing South Asian legal community with a recognized and trusted forum for professional growth

and development, while also promoting the civil rights and access to justice for the South Asian community and the community-at-large. More specifically, SABANA strives to combat efforts to limit and marginalize South Asian and other immigrant communities.

*Civil Rights and Other Advocacy Organizations*

### 18 Million Rising

18 Million Rising ("18MR") was created to be a progressive political home for young Asian Americans.  Since 2012, 18MR's online and offline advocacy and cultural campaigns have highlighted the struggles of Asian American communities while celebrating our resilience. Using digital-first organizing, 18MR responds to issues of the current political moment. 18MR mobilizes its people to speak up against injustice and take action.

### AAPI Equity Alliance

AAPI Equity Alliance (formerly, the Asian Pacific Policy and Planning Council) is a coalition of community-based organizations that advocates for the rights and needs of the Asian American and Pacific Islander community in Los Angeles County and beyond. AAPI Equity Alliance is also one of the co-founding partners of the national coalition Stop AAPI Hate. The organization works to raise awareness of anti-AAPI hate and its antecedents in U.S. history and to advocate for policy solutions to prevent and address racism against AAPI communities.

### Asian Americans Advancing Justice - Asian Law Caucus

Asian Americans Advancing Justice - Asian Law Caucus ("ALC") is a nonprofit civil rights organization committed to the pursuit of justice, serving low-income, immigrant, and underserved Asian American and Pacific Islander and Arab, Middle Eastern, Muslim and South Asian communities. ALC has a longstanding record of protecting those immigrant communities targeted by discriminatory policies justified under national security concerns, including the Muslim Ban and the China Initiative.

### Asian Americans Advancing Justice – Atlanta

Asian Americans Advancing Justice-Atlanta ("Advancing Justice-Atlanta") is the first nonprofit legal advocacy organization dedicated to protecting the civil rights of Asian Americans, Native Hawaiian, Pacific Islander and Arab, Middle Eastern, Muslim, and South Asian communities in Georgia and the Southeast. It works to promote equity, fair treatment, and self-determination for all communities of color.

### Asian Americans Advancing Justice | Chicago

Asian Americans Advancing Justice | Chicago ("Advancing Justice | Chicago") builds power for the Asian American community through collective advocacy and organizing to achieve racial equity.  Advancing Justice | Chicago engages in leadership training, advocacy across Illinois and beyond, and civic engagement by increasing the community's power and voice in society.

### Asian Americans Advancing Justice – Southern California

Asian Americans Advancing Justice Southern California (AJSOCAL) is the nation's largest legal and civil rights organization for Asian Americans and Pacific Islanders (AAPIs). Through direct services, impact litigation, policy advocacy, leadership development, and capacity building, AJSOCAL focuses on the most vulnerable members of AAPI communities while also building a strong voice for civil rights and social justice.

### Asian American Women's Political Initiative

The Asian American Women's Political Initiative ("AAWPI") is a non-profit organization based in Boston, Massachusetts that works to ensure that AAPI women have a voice in our democracy. After the 2021 mass shooting of 6 AAPI women in Georgia, AAWPI realized how urgent it was to change the invisibility that leaves us so vulnerable to the anti-Asian violence we still see today. In response to such violence, AAWPI scaled nationally and are building a first-of-its kind political pipeline to activate, mobilize and elevate AAPI women.

### Asian Law Alliance

The Asian Law Alliance ("ALA"), founded in 1977, is a non-profit public interest legal organization with the mission of providing equal access to the justice system to the Asian and Pacific Islander communities in Santa Clara County,

California. Since 1977, ALA has consistently fought against discriminatory laws impacting the community.

### Chinese for Affirmative Action

Chinese for Affirmative Action ("CAA") was founded in 1969 to protect the civil and political rights of Chinese Americans and to advance multiracial democracy in the United States. Today, CAA is a progressive voice in and on behalf of the broader Asian American and Pacific Islander communities. CAA advocates for systemic change that protects immigrant rights, promotes language diversity, and remedies racial and social injustice. CAA has long fought against government scapegoating of Asian American communities because racial profiling, under the guise of national security, is unjust. For CAA, this work includes ending the U.S. Department of Justice's practice of targeting Chinese Americans for espionage-related crimes by raising community awareness, providing support for affected individuals and their families, and building bridges and solidarity across all affected communities. CAA also opposes land laws which target specific communities and bars them from property ownership and has worked with other grassroots organizations to advocate against such bills in Texas and beyond.

### LatinoJustice PRLDEF

LatinoJustice uses and challenges laws to promote a more just and equitable society. For more than fifty years, LatinoJustice has litigated cases, and advanced

13

policy initiatives to counteract marginalization due to intersecting characteristics, such as race, ethnicity, and immigration status, in areas such as housing, economic justice, and voting. Most recently, LatinoJustice and other amici filed a brief in *Francis v. Kings Park Manor, Inc.,* 992 F.3d 67 (2d Cir. 2021), explaining the legislative and historical backdrop of the Fair Housing Act, which proscribes national origin and race-based discrimination in housing. LatinoJustice is acutely aware of the sordid history of exclusionary policies against foreign nationals— Mexicans and Asians alike—including dispossessing them of their property interests.

### National Korean American Service & Education Consortium

The National Korean American Service & Education Consortium ("NAKASEC") is an organization working towards a future in which low- and middle-income, immigrant, people of color, and marginalized communities are working together as the change-makers. NAKASEC focuses on expanding Korean and Asian American grassroots and voting power, developing and supporting a new generation of youth and immigrant leaders, and solidifying a robust and sustainable movement organization.

### Stop AAPI Hate

Stop AAPI Hate ("SAH") is a national coalition that tracks and responds to incidents of hate and harassment against Asian Americans and Pacific Islanders in

the United States. Since the COVID-19 pandemic began, AAPIs across the United States have submitted more than 11,000 reports of hate incidents to SAH. Our work addresses the root causes of anti-AAPI hate, such as dismantling the "perpetual foreigner" stereotype that portrays Asians and Asian Americans as forever outsiders who don't belong in the United States, and pushes back on the systemic impacts of anti-AAPI hate including anti-Asian national security scapegoating. SAH's 2022 report, "The Blame Game," spotlights how political rhetoric has been consistently employed, over decades, to hurt Asian communities. For these reasons, SAH advocates against land ban laws which prohibit specific communities from property ownership in Florida, Texas, and beyond.

Amici are aware of the history of race and alienage discrimination in restricting property rights and the devastating impact such discrimination has on individuals, communities, and this nation. Amici are aware that immigration restrictions, alien land laws, and the incarceration of Japanese Americans during World War II have been previously upheld by courts under the pretext of national security. Amici have an interest in this litigation to ensure that this pained part of American history, particularly as it relates to alien land laws, does not recur.

## <u>REASONS WHY THE MOTION SHOULD BE GRANTED</u>

In this case, Plaintiffs-Appellants seek to enjoin Florida's Conveyances to Foreign Entities Law ("Alien Land Law"), which severely restricts the rights of non-

15

citizen and non-permanent resident persons domiciled in China to own real property in Florida. The Brief argues that *Terrace v. Thompson*, 263 U.S. 193 (1923) should not have been relied on so heavily by the District Court, as the holding in *Terrace* has been limited such that it does not excuse the explicit discrimination found in Florida's Alien Land Law.  The Brief also draws out the national origin animus demonstrated by the Florida Legislature in its consideration and passage of the Alien Land Law, as well as using history to contextualize the likely effect that such a discriminatory law would impose on Asian Americans in Florida. The matters set forth in the Brief are directly relevant to the issues before the Court and serve to assist the Court in resolving them. Accordingly, Amici respectfully request that they be permitted to file the Brief.

## CONCLUSION

For the foregoing reasons, the Court should grant leave to file the attached brief as amici curiae.

Respectfully submitted,

FOLEY HOAG LLP

*/s/ Madeleine K. Rodriguez*
Madeleine K. Rodriguez, Esq.
Stephen C. Robin, Esq.
Susanna Y. Chi, Esq.
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

16

mrodriguez@foleyhoag.com
(617) 832-1720

COUNSEL FOR AMICI CURIAE

Gabriel J. Chin
UC Davis School of Law
400 Mrak Hall Dr.
Davis, CA 95616
gjchin@ucdavis.edu
(530) 752-3112

COUNSEL FOR AMICUS CURIAE AOKI CENTER
FOR CRITICAL RACE AND NATION STUDIES

Rose Cuison-Villazor
Rutgers Law School
123 Washington Street
Newark, NJ 07102
rose.villazor@law.rutgers.edu
(973) 353-3159

COUNSEL FOR AMICUS CURIAE CENTER FOR
IMMIGRATION LAW, POLICY AND JUSTICE

Robert Chang
Ronald A. Peterson Law Clinic
Seattle University School of Law
901 12th Avenue
Seattle, WA 98122-1090
changro@seattleu.edu
(206) 398-4025

COUNSEL FOR AMICUS CURIAE FRED T.
KOREMATSU CENTER FOR LAW AND
EQUALITY

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies as follows:

1. This brief contains 3,273 words, excluding the parts of the document exempted by Rule 32(f), in accordance with Rule 27(d)(2).

2. This brief complies with the typeface and type-style requirements of Rule 27(d)(1)(E).

October 10, 2023                      */s/ Madeleine K. Rodriguez*
                                      Madeleine K. Rodriguez
                                      Foley Hoag LLP
                                      Counsel for Amici Curiae

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2023, the foregoing was filed electronically with the Clerk of Court through the appellate CM/ECF system. I further certify that all parties required to be served have been served.

October 10, 2023                      */s/ Madeleine K. Rodriguez*
                                      Madeleine K. Rodriguez
                                      Foley Hoag LLP
                                      Counsel for Amici Curiae