No. 23-12737

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

YIFAN SHEN, et al.,

*Plaintiffs–Appellants,*

v.

WILTON SIMPSON, in his official capacity as
Florida Commissioner of Agriculture, et al.,

*Defendants–Appellees.*

On Appeal from the United States District Court
for the Northern District of Florida, No. 4:23-cv-208 (Winsor, A.)

## PLAINTIFFS–APPELLANTS' REPLY
## IN SUPPORT OF THEIR TIME-SENSITIVE MOTION
## FOR INJUNCTION PENDING APPEAL
## AND MOTION FOR EXPEDITED APPEAL

Ashley Gorski
Patrick Toomey
Shaiba Rather
Omar Jadwat
Sidra Mahfooz
Noor Zafar
**AMERICAN CIVIL LIBERTIES**
    **UNION FOUNDATION**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
agorski@aclu.org

Keliang (Clay) Zhu
**DEHENG LAW OFFICES PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
(925) 399-5856
czhu@dehengsv.com

Derek L. Shaffer
**QUINN EMANUEL URQUHART &**
    **SULLIVAN, LLP**
1300 I Street NW, 9th Floor
Washington, D.C. 20005
(202) 538-8000
derekshaffer@quinnemanuel.com

Cody Wofsy
**AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION**
39 Drumm Street
San Francisco, CA 94111
(415) 343-0770
cwofsy@aclu.org

Daniel B. Tilley
**ACLU FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2707
dtilley@aclufl.org

Bethany Y. Li
Elizabeth Koo
Razeen Zaman
**ASIAN AMERICAN LEGAL
    DEFENSE AND EDUCATION
    FUND**
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932
bli@aaldef.org

Nicholas L.V. Warren
**ACLU FOUNDATION OF FLORIDA**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

*Attorneys for Plaintiffs–Appellants*

Case No.: 23-12737                              *Shen, et al., v. Simpson, et al.*

### <u>AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-3, Plaintiffs–Appellants certify that the following individuals and entities may have an interest in the outcome of this case or appeal; individuals and entities listed in this disclosure who were not listed in Plaintiffs–Appellants' motion for an injunction pending appeal are in bold font below:[1]

1. American Civil Liberties Union Foundation, *Attorney for Plaintiffs–Appellants*

2. American Civil Liberties Union Foundation of Florida, *Attorney for Plaintiffs–Appellants*

3. Anti-Racism Center of LMU Loyola Law School, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

4. Aoki Center for Critical Race and Nation Studies at UC Davis School of Law, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

---

[1] The individuals and entities listed in bold font were included in Plaintiffs–Appellants' principal appeal brief. *See* ECF No. 38.

Case No.: 23-12737                                      *Shen, et al., v. Simpson, et al.*

5. Arkansas, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

6. Asian Americans Advancing Justice – Asian Law Caucus, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

7. Asian Americans Advancing Justice Atlanta, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

8. Asian American Legal Defense & Education Fund, *Attorney for Plaintiffs–Appellants*

9. Asian American Women's Political Initiative, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

10. Asian Law Alliance, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

11. Asian Pacific American Bar Association of Tampa, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

Case No.: 23-12737                                    *Shen, et al., v. Simpson, et al.*

12. Bailey, Andrew, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

13. Bell, Daniel William, *Attorney for Defendants–Appellees*

14. Boston University Center for Antiracist Research, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

15. Butler, Steve, *Attorney for U.S. Department of Justice, United States' Statement of Interest*

16. Carr, Christopher M., *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

17. Center for Civil Rights and Racial Justice at the University Pittsburgh School of Law, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*[2]

18. Center for Immigration Law, Policy, and Justice at Rutgers Law School, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

19. **Center for Race, Inequality, and the Law at New York University School of Law, *Amicus Curiae, Amici Curiae Brief of Racial Justice***

---

[2] This entity was mistakenly listed twice in Plaintiffs–Appellants' last disclosure.

Case No.: 23-12737                                    *Shen, et al., v. Simpson, et al.*

**Centers, Affinity Bar and Professional Associations, and Civil Rights**

**Advocacy Organizations**

20. Chang, Robert Seungchul, *Attorney for Amici Curiae Brief of Racial Justice*

    *Centers, Affinity Bar and Professional Associations, and Civil Rights*

    *Advocacy Organizations*

21. Chin, Gabriel J., *Attorney for Amici Curiae Brief of Racial Justice Centers,*

    *Affinity Bar and Professional Associations, and Civil Rights Advocacy*

    *Organizations*

22. Chinese for Affirmative Action, *Amicus Curiae, Amici Curiae Brief of*

    *Racial Justice Centers, Affinity Bar and Professional Associations, and Civil*

    *Rights Advocacy Organizations*

23. Clarke, Kristen, *Attorney for U.S. Department of Justice, United States'*

    *Statement of Interest*

24. Conference of Asian Pacific American Law Faculty, *Amicus Curiae, Amici*

    *Curiae Brief of Racial Justice Centers, Affinity Bar and Professional*

    *Associations, and Civil Rights Advocacy Organizations*

25. Coody, Jason R, *Attorney for U.S. Department of Justice, United States'*

    *Statement of Interest*

26. Costello, David M., *Attorney for Defendants–Appellees*

Case No.: 23-12737                              *Shen, et al., v. Simpson, et al.*

27. Cuison-Villazor, Rose, *Attorney for Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

28. DeHeng Law Offices, PC, *Attorney for Plaintiffs–Appellants*

29. Fitch, Lynn, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

30. Fitzgerald, Patricia, *Defendant–Appellee*

31. **Fitzpatrick, Martin A.,** *Magistrate Judge for the Northern District of Florida*

32. Florida Attorney General's Office, *Attorney for Defendants–Appellee*

33. Florida Office of the Solicitor General, *Attorney for Defendants–Appellee*

34. Formello, John M., *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

35. Forrester, Nathan Andrew, *Attorney for Defendants–Appellee*

36. Fred T. Korematsu Center for Law and Equality at Seattle University School of Law, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

37. Georgia, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho*

38. Gorski, Ashley Marie, *Attorney for Plaintiffs–Appellants*

39. Griffin, Tim, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

Case No.: 23-12737                                          *Shen, et al., v. Simpson, et al.*

40. Handberg, Roger B., *Attorney for U.S. Department of Justice, United States' Statement of Interest*

41. Harwell Jr., Lacy R., *Attorney for U.S. Department of Justice, United States' Statement of Interest*

42. Hispanic National Bar Association, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

43. Idaho, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

44. Indiana, State of, *Amici Curiae Brief of the State of Idaho, et al.,*

45. Jackley, Marty J., *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

46. **Jacobs, Arthur I.,** *Attorney for State Attorney Defendants in proceedings below*

47. **Jadwat, Omar,** *Attorney for Plaintiffs–Appellants*

48. Japanese American Citizens League, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

49. Jarwala, Alisha, *Attorney for U.S. Department of Justice, United States' Statement of Interest*

Case No.: 23-12737                                *Shen, et al., v. Simpson, et al.*

50. Kelly, J. Alex, *Defendant–Appellee*

51. Knudsen, Austin, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

52. Koo, Elizabeth L., *Attorney for Plaintiffs–Appellants*

53. Labrador, Raul R., *Attorney for Amici Curiae Brief of the State of Idaho, et al.*

54. Lapointe, Markenzy, *Attorney for U.S. Department of Justice, United States' Statement of Interest*

55. Larizza, R.J., *Defendant*

56. Latino Justice PRLDEF, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

57. Lee, Dexter, *Attorney for U.S. Department of Justice, United States' Statement of Interest*

58. Li, Bethany Yue-Ping, *Attorney for Plaintiffs–Appellants*

59. Liu, Yongxin, *Plaintiff–Appellant*

60. Longfield, Timothy J., *Attorney for Amici Curiae Brief of the State of Idaho, et al.*

61. Maurer, Michael S., *Attorney for U.S. Department of Justice, United States' Statement of Interest*

62. **Mahfooz, Sidra**, *Attorney for Plaintiffs–Appellants*

63. Mississippi, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

64. Missouri, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

65. Montana, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

66. Moody, Ashley, *Attorney for Defendants–Appellees*

67. Multi-Choice Realty, LLC, *Plaintiff–Appellant*

68. National Asian Pacific American Bar Association, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

69. New Hampshire, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

70. Nordby, Daniel E., *Attorney for Defendants–Appellees*

71. North Dakota, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

72. Pagnucco, Carrie, *Attorney for U.S. Department of Justice, United States' Statement of Interest*

Case No.: 23-12737                                *Shen, et al., v. Simpson, et al.*

73. Quinn Emanuel Urquhart & Sullivan, LLP, *Attorney for Plaintiffs–Appellants*

74. **Rather, Shaiba***, Attorney for Plaintiffs–Appellants*

75. Reyes, Sean, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

76. Rodriguez, Madeleine Kristine, *Attorney for Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

77. Rokita, Theodore E., *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

78. Rundle, Katherine Fernandez, *Defendant*

79. Sayler, Erik Louis, *Attorney for Defendants–Appellees*

80. Schenck, Robert Scott, *Attorney for Defendants–Appellees*

81. Shaffer, Derek Lawrence, *Attorney for Plaintiffs–Appellants*

82. Shen, Yifan, *Plaintiff–Appellant*

83. Shutts & Bowern, LLP, *Attorney for Defendants–Appellees*

84. Simpson, Wilton, *Defendant–Appellee*

85. **Song, Jian,** *Owner of Plaintiff Multi-Choice Realty, LLC*

86. South Asian Bar Association of North America, *Amicus Curiae, Amici Curiae Brief of Racial Justice Centers, Affinity Bar and Professional Associations, and Civil Rights Advocacy Organizations*

Case No.: 23-12737                                                                *Shen, et al., v. Simpson, et al.*

87. South Carolina, State of, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

88. South Dakota, State of, *Amicus Curiae, Amicus Curiae Brief of the State of Idaho, et al.*

89. Taitz, Sarah Michelle, *Former Attorney for Plaintiffs–Appellants*

90. Tang, Haiyan, *Attorney for Plaintiffs–Appellants*

91. Tilley, Daniel Boaz, *Attorney for Plaintiffs–Appellants*

92. Toomey, Patrick Christopher, *Attorney for Plaintiffs–Appellants*

93. Turner, Joshua Nathaniel, *Attorney for Amici Curiae Brief of the State of Idaho, et al.*

94. U.S. Department of Justice, *United States' Statement of Interest*

95. Utah, State of, *Amici Curiae Brief of the State of Idaho, et al.*

96. Wang, Xinxi, *Plaintiff–Appellant*

97. Warren, Nicholas, *Attorney for Plaintiffs–Appellants*

98. Whitaker, Henry Charles, *Attorney for Defendants–Appellees*

99. Wilson, Alan, *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

100. Winsor, Hon. Allen, *District Court Judge for the Northern District of Florida and District Court Judge in proceedings below*

101. Wofsy, Cody H., *Attorney for Plaintiffs–Appellants*

Case No.: 23-12737                                    *Shen, et al., v. Simpson, et al.*

102. Wold, Theodore J., *Attorney for Amicus Curiae Brief of the State of Idaho, et al.*

103. Worrell, Monique H., *Defendant*

104. Wrigley, Drew H., *Amicus Curiae, Amici Curiae Brief of the State of Idaho, et al.*

105. Xu, Zhiming, *Plaintiff–Appellant*

106. **Zafar, Noor, Attorney for Plaintiffs–Appellants**

107. Zaman, Razeen J., *Attorney for Plaintiffs–Appellants*

108. Zhu, Keliang, *Attorney for Plaintiffs–Appellants*

Plaintiffs–Appellants further state that no publicly traded company or corporation has an interest in the outcome of the case or appeal. Plaintiffs–Appellants certify that Multi-Choice Realty, LLC has no parent corporation, and no publicly held corporation owns 10% or more of its stock. The remaining Plaintiffs–Appellants are individual persons.


Dated: November 2, 2023              */s/ Ashley Gorski*
                                     Ashley Gorski
                                     American Civil Liberties Union
                                         Foundation

                                     *Attorney for Plaintiffs–Appellants*

**TABLE OF CONTENTS**

AMENDED CERTIFICATE OF INTERESTED PERSONS & CORPORATE DISCLOSURE STATEMENT ................................................................C-1

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ...................................................................................1

ARGUMENT ..........................................................................................1

I.      SB 264 violates the Fair Housing Act. ...........................................1

        A.      Plaintiffs can challenge SB 264 under the FHA. ..................1

        B.      SB 264 facially discriminates based on national origin. .......2

        C.      SB 264 intentionally discriminates based on national origin ...............3

        D.      SB 264 has a disparate impact based on national origin and race. .......4

II.     SB 264 violates the Equal Protection Clause. .................................5

III.    SB 264 is preempted. ....................................................................6

IV.     SB 264 is unconstitutionally vague. ...............................................9

V.      The equities strongly favor Plaintiffs. ..........................................10

VI.     The appeal should be expedited. ..................................................11

CONCLUSION ......................................................................................12

CERTIFICATE OF COMPLIANCE.........................................................14

CERTIFICATE OF SERVICE ................................................................15

## TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Exceptional Child Ctr., Inc.*,
  575 U.S. 320 (2015)........................................................................6, 7

*Baumann v. Savers Fed. Sav. & Loan Ass'n*,
  934 F.2d 1506 (11th Cir. 1991) ...........................................................4

*\*Bernal v. Fainter*,
  467 U.S. 216 (1984)...........................................................................5, 6

*\*Crosby v. Nat'l Foreign Trade Council*,
  530 U.S. 363 (2000)...........................................................................7, 8

*Davis v. Commonwealth Election Comm'n*,
  844 F.3d 1087 (9th Cir. 2016) ...............................................................2

*Estrada v. Becker*,
  917 F.3d 1298 (11th Cir. 2019) ........................................................5, 6

*Fac. Senate of Fla. Int'l Univ. v. Winn*,
  616 F.3d 1206 (11th Cir. 2010) ..............................................................8

*Graham v. Richardson*,
  403 U.S. 365 (1971)................................................................................5

*Guinn v. United States*,
  238 U.S. 347 (1915)................................................................................2

*Hines v. Davidowitz*,
  312 U.S. 52 (1941)..................................................................................7

*Indigo Room, Inc. v. City of Fort Myers*,
  710 F.3d 1294 (11th Cir. 2013) ..............................................................9

*Newton v. Duke Energy Fla., LLC*,
  895 F.3d 1270 (11th Cir. 2018) ..............................................................6

*Odebrecht Const. v. Prasad*,
  No. 12-cv-22072-KMM (S.D. Fla. June 25, 2012) ............................11

*Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.,
   715 F.3d 1268 (11th Cir. 2013) .........................................................7, 8

Ralls Corp. v. Comm. on Foreign Inv. in U.S.,
   758 F.3d 296 (D.C. Cir. 2014)................................................................7

Rice v. Cayetano,
   528 U.S. 495 (2000)................................................................................2

Sailboat Bend Sober Living, LLC v. City of Ft. Lauderdale,
   46 F.4th 1268 (11th Cir. 2022) .............................................................3

Terrace v. Thompson,
   263 U.S. 197 (1923)...............................................................................5

*Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.,
   576 U.S. 519 (2015)................................................... 1, 2, 4, 11

United States v. Alabama,
   691 F.3d 1269 (11th Cir. 2012) .............................................................8

United States v. Waymer,
   55 F.3d 564 (11th Cir. 1995) .................................................................9

Weber v. Weber,
   929 So. 2d 1165 (Fla. 2d DCA 2006)...................................................10

Zschernig v. Miller,
   389 U.S. 429 (1968)...............................................................................8

## Constitutional Provisions

Fla. Const. art. V, § 21 .........................................................................11

## Statutes

Fla. Stat. § 692.204 ..............................................................................10

**Treatises**

77 Am. Jur. 2d Vendor & Purchaser § 251 .............................................................10

5 Tiffany Real Prop. § 1258 (3d ed.) ......................................................................10

## INTRODUCTION

SB 264 is continuing to wreak havoc on the lives and plans of Plaintiffs and others across Florida. Plaintiff Zhiming Xu was scheduled to close on a home in September 2023. But the transaction has been postponed because of SB 264—depriving him of a unique, irreplaceable property. Plaintiff Yifan Shen is scheduled to close on a home in December 2023; absent relief, her transaction will not be able to proceed. The State's new claim that these Plaintiffs are protected by the statute's "grandfather clause" is specious, as they are not the legal owners of these properties. And the State all but ignores irreparable harms to Plaintiff Multi-Choice Realty, which is losing clients due to SB 264.

Plaintiffs have established a substantial likelihood of success on the merits, and the balance of equities weighs in their favor. For the reasons below, the State's arguments are unavailing.

## ARGUMENT

### I.     SB 264 violates the Fair Housing Act.

### A.     Plaintiffs can challenge SB 264 under the FHA.

The State claims, without citation, that because SB 264 is a law, it cannot constitute a "discriminatory housing practice" under the FHA. Opp. 14. The Supreme Court says otherwise, explicitly treating "laws" as "practices" that private plaintiffs can challenge under the FHA. *Tex. Dep't of Hous. & Cmty. Affs. v.*

*Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 521, 539-40 (2015); *see* A36-A38 (declining to accept State's argument). Because SB 264 is itself a discriminatory housing practice and "require[s] . . . a discriminatory housing practice," it is "invalid" and cannot be enforced. 42 U.S.C. § 3615.

**B.    SB 264 facially discriminates based on national origin.**

SB 264 facially discriminates based on national origin in violation of the FHA, and the State's arguments to the contrary are meritless.

First, the State contends that SB 264 does not facially discriminate because it does not include the words "national origin." Opp. 9. But when a legislature uses a proxy to discriminate against a protected class, courts analyze this as facial discrimination and do not require plaintiffs to make a separate showing of discriminatory intent. Mot. 15.

Next, the State argues that because some Chinese people are not harmed by SB 264, the statute is not facially discriminatory. Opp. 9. However, as Plaintiffs have explained, almost every proxy is under- and over-inclusive to some degree. *See, e.g.*, *Rice v. Cayetano*, 528 U.S. 495, 514, 516-17 (2000); *Guinn v. United States*, 238 U.S. 347, 364-65 (1915); *Davis v. Commonwealth Election Comm'n*, 844 F.3d 1087, 1093 (9th Cir. 2016) (in Fifteenth Amendment challenge, holding that "domicile" was not a neutral category, even where domicile was not precisely coextensive with ancestry).

The State attempts to distinguish *Rice* and *Guinn* on the grounds that the legislative motives were "painfully apparent" in those cases. Opp. 11. But so too, here—particularly given that 99.9% of people domiciled in China are of Chinese national origin.

### C.    SB 264 intentionally discriminates based on national origin.

To prevail on a claim of intentional discrimination, Plaintiffs need only establish that protected traits played "some role" in SB 264's enactment, *Sailboat Bend Sober Living, LLC v. City of Ft. Lauderdale*, 46 F.4th 1268, 1281 (11th Cir. 2022). Plaintiffs have done so. Mot. 9-11.

The State claims that the statute's prohibitions on people "domiciled" in China are to "prevent circumvention of the law by totalitarian governments." Opp. 12-13. Yet the State does not explain why such a broad sweep is necessary, why less-discriminatory alternatives would not suffice, or why, for example, ordinary law enforcement tools could not prevent circumvention of a statute that applied to foreign powers and their agents. The State does not cite any instances in which the Chinese government harmed Florida's security by directing someone domiciled in China to purchase a home there. And it certainly does not identify any harm from home ownership by ordinary Chinese people in Florida, like Plaintiffs, who are unaffiliated with the Chinese government.

3

The fact that the Florida legislature provided limited exceptions to its prohibitions, Opp. 13, does not justify the law's discriminatory reach. Governor DeSantis and legislators specifically chose to sweep in countless ordinary Chinese people—discriminating against them "because of," not "in spite of," where they come from. *Contra* A32.

**D.    SB 264 has a disparate impact based on national origin and race.**

The disparate impacts of SB 264 on people born in China and on people who are Asian are undeniable. The State itself acknowledges that domicile and national origin "indeed substantially overlap." Opp. 10. Under the FHA, this disparate impact is unlawful, because the State has failed to establish that its policy is "necessary" to achieve a valid interest. *Inclusive Cmtys.*, 576 U.S. at 541.

The State errs in suggesting that this Court cannot address Plaintiffs' disparate-impact claim unless it holds that the district court abused its discretion in declining to do so. Opp. 15. Because Plaintiffs did raise this claim below, it is properly before the Court. Mot. 12-13. But even when plaintiffs fail to raise an issue in the district court, an appellate court will entertain it where, as here, the proper resolution is beyond doubt, substantial justice is at stake, or the issue presents questions of great public concern. *Baumann v. Savers Fed. Sav. & Loan Ass'n*, 934 F.2d 1506, 1512 (11th Cir. 1991).

## II.    SB 264 violates the Equal Protection Clause.

With respect to alienage discrimination under the Equal Protection Clause, the State advances several arguments, each meritless.

As an initial matter, the State is wrong to argue that the law in *Terrace v. Thompson*, 263 U.S. 197 (1923), is indistinguishable from SB 264. *See* Opp. 6. The Supreme Court in *Terrace* characterized the Washington law at issue as "applying alike and equally to all aliens," and not based on "race and color." 263 U.S. at 218, 220. While the State is correct that the Washington statute was keyed to federal law, the Washington statute did not expressly single out any particular country—and the Supreme Court's characterization of the law as even-handed was key to its analysis. *See id.*

The State is also wrong to argue that because SB 264 exempts lawful permanent residents, heightened scrutiny does not apply. Opp. 7. *Bernal v. Fainter*, 467 U.S. 216 (1984), and *Graham v. Richardson*, 403 U.S. 365 (1971), applied strict scrutiny to laws discriminating against all noncitizens residing in the United States, and nothing in their analysis suggests that heightened scrutiny applies *only* to laws discriminating against lawful permanent residents. To the contrary: in *Bernal*, the Supreme Court characterized "aliens as a class" as a discrete and insular minority. 467 U.S. at 219 n.5. Nor does *Estrada v. Becker*, 917 F.3d 1298, 1310 (11th Cir.

2019), compel a different result, as it concerned DACA recipients. Indeed, this Court declined to state that heightened scrutiny applies only to lawful permanent residents.

The State's remaining arguments likewise fail. Opp. 8-9. The "narrowly construed" political-function exception is inapposite: it applies only to alienage discrimination in certain government jobs. *Bernal*, 467 U.S. at 220-22. And the State's appeal to historical practice is beside the point. The equal protection analysis does not turn on whether discrimination was historically acceptable.

## III.    SB 264 is preempted.

SB 264 represents a unilateral declaration of foreign policy by a single State, hindering the national government's ability to speak on the world stage with a single voice and displacing Congress's carefully calibrated system of national security review over real estate purchases. Mot. 15-21.

The district court rightly declined to adopt Florida's argument that Plaintiffs have no cause of action to assert their FIRRMA preemption claim. Opp. 15-16. The State does not dispute that an equitable cause of action is generally available "to assert a preemption claim seeking injunctive relief." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1276 (11th Cir. 2018) (cleaned up). Unlike attempts to derive an implied cause of action from the "rights-creating" terms of a federal statute, Congress must act to *displace* that equitable cause of action to make it unavailable. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327-28, 331-32 (2015). In

*Armstrong*, for example, the Medicaid Act channeled quasi-contractual claims concerning state breaches of federal–state agreements into an administrative process. 575 U.S. at 327-29. There is nothing similar here. Opp. 16. FIRRMA's mechanisms allowing the *federal government* to enforce its orders cannot displace the equitable cause of action that belongs to injured private parties bringing preemption claims.

On the merits, the State offers strikingly little defense of its intrusion into the uniquely federal realm of foreign policy. It does not contest that the prohibition of real estate purchases by foreign nationals calls for "judgment in the realm of foreign policy." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 314 (D.C. Cir. 2014). Nor does it contest that such actions "will frequently have repercussions in the realm of foreign policy." Mot. 17. How could it? "Experience has shown that international controversies of the gravest moment, sometimes even leading to war, may arise from real or imagined wrongs to another's subjects inflicted, or permitted, by a government." *Hines v. Davidowitz*, 312 U.S. 52, 64 (1941). Florida has claimed for itself the right to exercise that exclusive *federal* judgment—meaning this case involves the same foreign policy "considerations," Opp. 19, as *Odebrecht* and *Crosby*. In Florida's view, each of the fifty states can make its own choices about foreign "enemies" and burden their nationals with severe restrictions like SB 264's.[3]

---

[3] In *Faculty Senate of Florida International University v. Winn*, 616 F.3d 1206 (11th Cir. 2010), the State's law "did not unilaterally select by name a foreign

That cannot be squared with our constitutional structure or FIRRMA's provisions. *Zschernig v. Miller*, 389 U.S. 429, 440-41 (1968).

Moreover, the State's law runs roughshod over Congress's calibrated approach in this delicate arena. Mot. 19-20. Indeed, Florida emphasizes (at 17-18) its disagreements with Congress's choices to exempt single residences from CFIUS review, and to apply substantially less "pressure" than Florida's severe criminal penalties. *Odebrecht*, 715 F.3d at 1284. Florida suggests (at 1-2, 18) that Congress *invited* the States to "override[] the nuances of the federal law" in this way, *id*. at 1282, but it neither cites support for that remarkable claim nor addresses FIRRMA's explicit balancing of different interests in adopting its calibrated approach, Mot. 14-15.

Nor does any "presumption against preemption" apply. Opp. 16. SB 264 "impinge[s] on an area of core federal concern": foreign policy and national security. *United States v. Alabama*, 691 F.3d 1269, 1296 (11th Cir. 2012). Even if a presumption applied, "the state Act presents a sufficient obstacle" to trigger preemption. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 374 n.8 (2000). Finally, the State invokes the "longstanding state practice" of regulating noncitizen property ownership. Opp. 17. But *Crosby* rejected essentially the same argument,

---

country on which it had declared, in effect, some kind of economic war," and its "economic impact was likely minimal." *Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1287 (11th Cir. 2013) (cleaned up).

and the State points to no law on par with Florida's at the time of FIRRMA's enactment. Mot. 21.

## IV. SB 264 is unconstitutionally vague.

The State makes only a cursory attempt to defend SB 264 on due process grounds. Opp. 13-14. It argues that because "domicile" is used elsewhere in Florida law—and because the statute makes some effort to define "military installation" and "critical infrastructure facility"—that is good enough to subject Plaintiffs and others to criminal liability. But like the district court, the State ignores that SB 264 imposes *strict* liability on purchasers who violate the statute, criminalizing even honest mistakes, and the State does not explain how the law meets the heightened due process standards that attach. *See United States v. Waymer*, 55 F.3d 564, 568 (11th Cir. 1995).

It also does not explain how the law puts Plaintiffs and others on adequate notice of who is subject to SB 264's prohibitions when the State and the district court disagreed about "domicile." Mot. 22. "Vagueness arises when a statute is so unclear as to what conduct is applicable that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Indigo Room, Inc. v. City of Fort Myers*, 710 F.3d 1294, 1301 (11th Cir. 2013). The State cites *Weber v. Weber* to argue that the meaning of "domicile" is clear as to visa-holders and asylum seekers, but *Weber* does not even interpret that term. Opp. 14 (citing 929 So.

9

2d 1165 (Fla. 2d DCA 2006)). It addresses the meaning of "residence," which the legislature could have used in SB 264 but did not.

## V.    The equities strongly favor Plaintiffs.

Plaintiffs are suffering and will suffer irreparable harm from SB 264. The State has put forward no evidence that home purchases by Plaintiffs or other Florida residents like them pose a risk to security. Only a preliminary injunction from this Court can provide the binding protection Plaintiffs need as this case moves forward.

The State's argument (briefed for the first time on appeal) that Plaintiff Xu's and Shen's contracts are protected by the statute's grandfather clause is waived and speculative at best. Opp. 21. While these Plaintiffs hold equitable interests by virtue of their contracts, equitable and legal titles are distinct. *See* 77 Am. Jur. 2d Vendor & Purchaser § 251 (Plaintiffs' executory contracts "convey[] in law no title to the land"); 5 Tiffany Real Prop. § 1258 (3d ed.) (holder of legal title is "actual owner"; legal interests prevail over equitable ones in the same property). Thus, because Xu and Shen do not yet "own" the contracted-for property, they cannot "*continue* to own" the property under the grandfather clause. Fla. Stat. § 692.204(3) (emphasis added). The proposed regulatory interpretation of the grandfather clause, Opp. 21, which is at odds with the text of the statute, would be irrelevant in criminal proceedings because Florida courts must review statutes de novo, *see* Fla. Const. art. V, § 21.

10

Similarly, the sellers' discretion to close at a later date, Opp. 21, is immaterial. Xu has been and continues to be deprived of his contracted-for property, and Shen imminently faces the same harm. If the State genuinely believed that these transactions would be covered by Section 692.204(3), it could have entered into a stipulation with these Plaintiffs to provide guarantees against enforcement. It did not. A14.

In addition, the undisputed record evidence establishes that many of Multi-Choice's customers, existing and potential, are "domiciled" in China and now prohibited from acquiring property in Florida. A160-A161, A220-A221. This loss of customers and goodwill constitutes irreparable harm.

As to the scope of the injunction, Opp. 22, Plaintiffs challenge only a limited set of SB 264's prohibitions, Mot. 1, but these provisions should be categorically enjoined with respect to residential property. In *Odebrecht*, for example, this Court affirmed the district court's order enjoining the state from "implementing or enforcing in any way" the challenged law. *See Odebrecht Const. v. Prasad*, No. 12-cv-22072-KMM (S.D. Fla. June 25, 2012), ECF No. 21; *see also Inclusive Cmtys.*, 576 U.S. at 539-40 (citing cases broadly enjoining ordinances under the FHA).

## VI.    The appeal should be expedited.

Plaintiffs respectfully request that oral argument on the appeal be scheduled as soon as possible. Plaintiffs had proposed that their reply brief be due 10 days after

11

the State's response, which would be November 13. However, due to attorney conflicts, Plaintiffs request a deadline of November 16—provided that the extension would not delay argument.

## CONCLUSION

The Court should enjoin SB 264 pending appeal and expedite the appeal.


Dated: November 2, 2023                              Respectfully submitted,

                                                     */s/ Ashley Gorski*

Keliang (Clay) Zhu                                   Ashley Gorski
**DEHENG LAW OFFICES PC**                            Patrick Toomey
7901 Stoneridge Drive, Suite 208                     Shaiba Rather
Pleasanton, CA 94588                                 Omar Jadwat
(925) 399-5856                                       Sidra Mahfooz
czhu@dehengsv.com                                    Noor Zafar
                                                     **AMERICAN CIVIL LIBERTIES**
Derek L. Shaffer                                        **UNION FOUNDATION**
**QUINN EMANUEL URQUHART &**                         125 Broad Street, 18th Floor
   **SULLIVAN, LLP**                                 New York, NY 10004
1300 I Street NW, 9th Floor                          (212) 549-2500
Washington, D.C. 20005                               agorski@aclu.org
(202) 538-8000
derekshaffer@quinnemanuel.com                        Cody Wofsy
                                                     **AMERICAN CIVIL LIBERTIES**
Bethany Y. Li                                           **UNION FOUNDATION**
Elizabeth Koo                                        39 Drumm Street
Razeen Zaman                                         San Francisco, CA 94111
**ASIAN AMERICAN LEGAL**                             (415) 343-0770
   **DEFENSE AND EDUCATION**                         cwofsy@aclu.org
   **FUND**
99 Hudson Street, 12th Floor                         Daniel B. Tilley
New York, NY 10013                                   **ACLU FOUNDATION OF FLORIDA**
(212) 966-5932                                       4343 West Flagler Street, Suite 400

bli@aaldef.org

Nicholas L.V. Warren
**ACLU FOUNDATION OF FLORIDA**
336 East College Avenue, Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Miami, FL 33134
(786) 363-2707
dtilley@aclufl.org

*Attorneys for Plaintiffs–Appellants*

<u>**CERTIFICATE OF COMPLIANCE**</u>

The undersigned counsel certifies as follows:

1.    This document complies with Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,600 words.

2.    In accordance with Fed. R. App. P. 27(d), this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: November 2, 2023                              */s/ Ashley Gorski*
                                                                    Ashley Gorski
                                                                    American Civil Liberties Union
                                                                       Foundation

                                                                    *Attorney for Plaintiffs–Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2023, the foregoing was filed electronically with the Clerk of Court through the appellate CM/ECF system. I further certify that all parties required to be served have been served.

Dated: November 2, 2023

*/s/ Ashley Gorski*
Ashley Gorski
American Civil Liberties Union
   Foundation

*Attorney for Plaintiffs–Appellants*

15