OFFICE OF THE ATTORNEY GENERAL
Office of the Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 487-0168
*http://www.myfloridalegal.com*

**ASHLEY MOODY**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

March 11, 2024

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re:    Rule 28(j) Letter, *Shen v. Simpson,* No. 23-12737

Dear Mr. Smith:

The Florida Department of Commerce has statutory authority to "adopt rules to implement" the challenged provisions of SB 264. Fla. Stat. §§ 692.203(10), 692.204(10). The State's brief flagged that implementing rules were pending before the Department. The rules are now final and are appended to this letter.

As explained in the State's brief, the challenged provisions turn on whether one is "domiciled" in China, and the term "domicile" is "well-defined in Florida's common law" and refers to the place where one "is physically present and intends to remain permanently or indefinitely." AB 42. Under that definition, the State argues, the individual plaintiffs lack standing because they are domiciled in Florida, not China. The Department's rules confirm that "'[d]omicile' means the place where the individual is physically present and intends to remain permanently or indefinitely." App. 1.

In addition, the Department's rules confirm that Plaintiffs Shen, Xu, and Multi-Choice Realty lack standing to challenge SB 264's ban on certain purchases of property (as well as the affidavit provisions) because their alleged injuries turn on purported interference with real-estate contracts that were executed prior to the statute's effective date. As the State explained in its brief, SB 264 provides that a "foreign principal" who "owns or acquires any interest in real property" "before July 1, 2023, may continue to own or hold such real property," Fla. Stat. §§ 692.203(2), 692.204(3), and "any interest" includes the "equitable title" conferred when a buyer executes a real-estate contract, AB 44–45. The Department's rules confirm that the statute's reference to "'[i]nterest in real property' means all or part of an equitable or legal title to the real property." App. 1. The

rules further provide that, if a "foreign principal" "executed a contract for the purchase of real property in the State of Florida prior to July 1, 2023," he may close on the contract without violating SB 264. App. 2. The rules thus confirm that Shen, Xu, and Multi-Choice lack standing to challenge the purchase and affidavit provisions of SB 264.

Sincerely,

/s/ Henry C. Whitaker
*Counsel for Defendants-Appellees*

cc (via CM/ECF):
All appellate counsel of record

# Appendix

**CHAPTER 73C-60**

**COMMUNITY PLANNING; PURCHASE OF REAL PROPERTY ON OR AROUND MILITARY INSTALLATIONS OR CRITICAL INFRASTRUCTURE FACILITIES BY FOREIGN PRINCIPALS**

73C-60.001     Definitions
73C-60.002     Real Estate Transactions Prior to July 1, 2023
73C-60.003     Registration
73C-60.004     Computation of Time
73C-60.005     Fines
73C-60.006     Liens
73C-60.007     Rebuttable Presumptions

**73C-60.001 Definitions.**

For the purpose of administering section 692.203, F.S., and these rules, the following definitions apply:

(1) "Clear and present danger" means an immediate danger to the public health, safety, or welfare or other substantial loss to the state.

(2) For the purpose of interpreting the definition of "foreign principal" in section 692.201(4), F.S., "controlling interest" has the same meaning as defined in section 287.138(1)(a), F.S.

(3) For the purpose of administering section 692.203(1), F.S., "controlling interest in real property" means any interest other than a lease which gives the foreign principal both of the following rights, whether or not the rights are exercised or shared concurrently with any other person, and whether or not the underlying real property is subject to an easement or other encumbrance:

(a) The right to improve or develop the real property; and

(b) The right to attach fixed or immovable structures or objects to the real property.

(4) "De minimis indirect interest" means:

(a) Any interest that is the result of the foreign principal's ownership of either:

1. Registered equities in a publicly traded company owning the land and such ownership interest is less than 5 percent of any class of registered equities or less than 5 percent in the aggregate in multiple classes of registered equities; or

2. An interest that is not a controlling interest as defined in section 287.138(1)(a), F.S., in an entity controlled by a company that is both registered with the United States Securities and Exchange Commission as an investment advisor under the Investment Advisers Act of 1940, as amended, and is not a foreign entity.

(b) Any passive ownership interest of a foreign principal in an entity, provided that the foreign principal does not possess, by virtue of that ownership interest or otherwise, the power to direct or cause the direction of the management or policies of the entity with respect to the interest in real property.

(5) "Department" means the Florida Department of Commerce.

(6) "Directly own" means the foreign principal holds equitable or legal title to the real property in their own name.

(7) "Domicile" means the place where the individual is physically present and intends to remain permanently or indefinitely.

(8)"Foreign principal" has the same meaning as defined in section 692.201(4), F.S. Individuals approved by the federal government to participate in the EB-5 Program are excluded from this definition.

(9)"Indirectly own" means the foreign principal has an interest in an entity that has equitable or legal title to the real property; or the foreign principal has an interest in the real property, but the equitable or legal title to the real property is held by another entity or individual.

(10) "Interest in real property" means all or part of an equitable or legal title to the real property and does not include a lease.

(11) "Official documentation" means documentation issued by U.S. Citizenship and Immigration Services.

(12) "Own" means to have equitable or legal title to the real property.

*Rulemaking Authority 692.203(10) FS. Law Implemented 692.203 FS. History–New 1-4-24.*

**73C-60.002 Real Estate Transactions Prior to July 1, 2023.**

A foreign principal that executed a contract for the purchase of real property in the State of Florida prior to July 1, 2023, may own or acquire the real property that is the subject of the contract on or after July 1, 2023. Such real property must be registered with the Department in accordance with rule 73C-60.003, F.A.C.

*Rulemaking Authority 692.203(10) FS. Law Implemented 692.203 FS. History–New 1-4-24.*

**73C-60.003 Registration.**

(1) The Department will provide a means, accessible through the Department's website at www.floridajobs.org, for individuals to determine the proximity of real property to a military installation or a critical infrastructure facility in Florida.

(2) Registration for Real Property Owned or Acquired Prior to July 1, 2023

(a) A foreign principal who owns or acquires an interest, other than a de minimis indirect interest, in real property on or within 10 miles of any military installation or critical infrastructure facility in Florida prior to July 1, 2023, must register with the Department in accordance with this rule.

(b) A foreign principal must register with the Department on or before December 31, 2023, to be deemed timely registered.

(c) A foreign principal who registers after January 31, 2024, shall be deemed late and will have fines assessed in accordance with rule 73C-60.005, F.A.C.

(3) Registration for Real Property Purchased on or After July 1, 2023, as Authorized Under Section 692.203(4), F.S.

(a) A foreign principal who is a natural person who purchases, other than a de minimis indirect interest, one residential real property that is 2 acres or less and is on or within 10 miles of any military installation or critical infrastructure facility in Florida but is not on or within 5 miles of any military installation on or after July 1, 2023, must register with the Department within 30 days after the property is owned or acquired.

(b) If the foreign principal who is a natural person purchases the real property between July 1, 2023, and the effective date of this rule, the foreign principal will have 30 days from the effective date of this rule to register with the Department to be deemed timely registered.

(4) Registration for Real Property Acquired on or After July 1, 2023, as Authorized Under Section 692.203(5), F.S.

(a) A foreign principal who acquires real property or any interest therein, other than a de minimis indirect interest, on or after July 1, 2023, by devise or descent, through the enforcement of security interests, or through the collection of debts, must register with the Department within 30 days after the property is owned or acquired by the foreign principal.

(b) If the foreign principal acquired the real property or any interest therein between July 1, 2023, and the effective date of this rule, the foreign principal will have 30 days from the effective date of this rule to register with the Department to be deemed timely registered.

(c) The foreign principal must submit an updated registration Form COM-73C-60, Foreign Principal Real Property Registration Form, effective 01/2024, which is incorporated by reference and available at http://flrules.org/Gateway/reference.asp?No=Ref-16302 or, when available, using the online registration system on the Department's website at http://www.floridajobs.org, within three years of acquiring the real property demonstrating the sale, transfer, or other divestment of such real property.

(d) A foreign principal who registers more than 30 days after the real property is owned or acquired shall be deemed late and will have fines assessed in accordance with rule 73C-60.005, F.A.C.

(5) Registration for Real Estate Contracts

(a) A foreign principal who obtains equitable title by executing a real estate contract with the obligation of closing to obtain legal title within 90 days shall register the real property that is the subject of the contract within 30 days of acquiring legal title. A foreign principal who obtains equitable title by executing a real estate contract

without the obligation of closing to obtain legal title within 90 days shall register the real property that is the subject of the contract within 120 days of acquiring equitable title.

(6) Registration Method

(a) Each foreign principal who is required to register their real property with the Department must do so either by utilizing and submitting Form COM-73C-60, Foreign Principal Real Property Registration Form, effective 01/2024, which is incorporated by reference and available on the internet at: http://flrules.org/Gateway/reference.asp?No=Ref-16302 or, when available, using the online registration system on the Department's website at http://www.floridajobs.org.

(7) Updated Registrations

(a) A foreign principal must update their registration with the Department if any of the following occur:

1. The foreign principal sold the real property;

2. The foreign principal no longer owns the real property;

3. The foreign principal's real property is no longer within 10 miles of any military installation or critical infrastructure facility in Florida;

4. The foreign principal no longer has any interest in the real property; or

5. The foreign principal no longer meets the definition of a foreign principal as that term is defined in section 692.201, F.S.

(b) A foreign principal's registration must be updated by either submitting Form COM-73C-60, Foreign Principal Real Property Registration Form, effective 01/2024, which is incorporated by reference and available at http://flrules.org/Gateway/reference.asp?No=Ref-16302 or, when available, using the online registration system on the Department's website at http://www.floridajobs.org.

(c) A foreign principal who fails to file an updated registration as required by this rule is not subject to the penalties imposed by section 692.203, F.S., or Department of Commerce Rules 73C-60.005 and 73C-60.006, F.A.C.

(8) The prohibition and registration requirements prescribed by section 692.203, F.S., shall not apply with respect to any interest that is a de minimis indirect interest.

*Rulemaking Authority 692.203(10) FS. Law Implemented 692.203 FS. History–New 1-4-24.*

**73C-60.004 Computation of Time.**

In computing the 30 days prescribed in section 692.203(3)(b), F.S., and these rules, the day of the act from which the period of time begins to run will not be included. The last day of the period must be included unless it is a Saturday, Sunday, or legal holiday as prescribed by section 110.117, F.S., in which event the period shall run until the end of the next business day.

*Rulemaking Authority 692.203(10) FS. Law Implemented 692.203 FS. History–New 1-4-24.*

**73C-60.005 Fines.**

(1) The Department will impose a $1,000 fine against the foreign principal for each day that the registration is late. Except as provided in section 692.203(3)(b), F.S., the registration will be deemed late if it is filed more than 30 days after the real property is owned or acquired by the foreign principal.

(2) The Department will issue a notice of violation to any foreign principal found in violation of section 692.203(3), F.S., prior to final agency action.  Such notice will include hearing rights pursuant to section 120.569, F.S.

(3) Fines imposed are due and payable to the Department within 30 days of entry of the final order unless otherwise stated in the final order.

*Rulemaking Authority 692.203(10) FS. Law Implemented 692.203 FS. History–New 1-4-24.*

**73C-60.006 Liens.**

The Department may place a lien on the foreign principal's real property for any fines that are not paid within 30 days of entry of the final order unless otherwise stated in the final order.

*Rulemaking Authority 692.203(10) FS. Law Implemented 692.203 FS. History–New 1-4-24.*

**73C-60.007 Rebuttable Presumption.**

(1) A closing agent who relies on and maintains the affidavit specified in section 692.203(6), F.S., has established a rebuttable presumption that the closing agent did not have actual knowledge that the real estate transaction violated section 692.203, F.S.

(2) A seller of real property who relies on and maintains the affidavit specified in section 692.203(6), F.S., has established a rebuttable presumption that the seller did not have actual knowledge that the real estate transaction violated section 692.203, F.S.

*Rulemaking Authority 692.203(10) FS. Law Implemented 692.203 FS. History–New 1-4-24.*