March 13, 2024

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

 Re: Response to Rule 28(j) Letter, *Shen v. Simpson,* No. 23-12737

Dear Mr. Smith:

 The Florida Department of Commerce's new rules have no bearing on Plaintiffs' standing.

 Under SB 264, people "domiciled" in China who purchase property in violation of the statute are subject to civil *and* criminal penalties. Fla. Stat. § 692.204(7)-(8). The individual Plaintiffs reside in Florida; however, as the district court correctly held, a person's domicile under Florida common law does not hinge on where he "physically resides." A332. Applying Florida law, the individual Plaintiffs are at least "arguably" domiciled in China and their transactions arguably barred by the statute. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 162 (2014); Reply 21-25; *see also* A329 (district court holding that "[t]he individual Plaintiffs have shown they likely face a substantial risk of future harm").

 Although the Department has now defined "domicile" differently for the purposes of civil enforcement of SB 264, the Department's rules cannot protect Plaintiffs from the statute's severe criminal penalties. Indeed, under Florida's Constitution, state courts may not defer to agency interpretations of state statutes and must interpret them de novo. Fla. Const. art. V § 21.[1]

 For the same reasons, while the Department's rules may shield Plaintiffs Shen and Xu from civil enforcement of SB 264 because their contracts were executed before July 1, 2023, the rules do not protect either Plaintiff from criminal enforcement of the statute. Reply 24.

 Lastly, contrary to the State's assertions, Plaintiff Multi-Choice's standing is not predicated on SB 264's interference with contracts executed prior to July 1, 2023. The undisputed record shows that many of Multi-Choice's existing and potential customers are domiciled in China, are neither citizens nor permanent residents of the United States, and are now prohibited from acquiring property in Florida. A155-57, A310; Reply 24-25. The resulting harms to Multi-Choice's business are ongoing and directly traceable to SB 264.

---

[1] The Department's "physically present" test is also unworkable and may subject Plaintiffs to civil jeopardy under SB 264. A person who resides in Florida on a nonimmigrant visa, but returns temporarily to China, would arguably be considered domiciled in China while present there and thus subject to the law's restrictions.

Sincerely,

/s/ Ashley Gorski

Ashley Gorski
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
agorski@aclu.org

*Counsel for Plaintiffs–Appellants*

cc (via CM/ECF):
All appellate counsel of record