May 15, 2024

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

     Re: Rule 28(j) Letter, *Shen v. Simpson,* No. 23-12737-X

Dear Mr. Smith:

     Plaintiffs–Appellants write to bring the Court's attention to *Frishberg v. University of South Florida Board of Trustees*, No. 8:24-cv-22-TPB-NHA, 2024 WL 1579797 (M.D. Fla. Apr. 11, 2024), which further illustrates why Plaintiff Multi-Choice Realty is suffering irreparable harm from Florida law SB 264.

     SB 264 severely restricts the ability of people "domiciled" in China to purchase homes in Florida. Multi-Choice seeks a preliminary injunction on the grounds that SB 264 violates the Fair Housing Act ("FHA") and is preempted by federal law. Its customer base includes (1) Chinese people who live in China, are neither citizens nor lawful permanent residents of the United States, and are indisputably "domiciled" in China, and (2) Chinese people who reside in the United States on non-immigrant visas and are at substantial risk of being deemed "domiciled" in China. A310; A155–57. The loss of these customers and business goodwill due to SB 264 are irreparable harms. Pls. Br. 53–54; *see also id.* at 13–14 (these harms confer standing under the FHA). A preliminary injunction preventing enforcement of SB 264 against any prospective Multi-Choice customer—or, at a minimum, prospective customers who have contacted Multi-Choice—is necessary to remedy these harms.

     *Frishberg* shows that Multi-Choice is also suffering irreparable harm because its monetary damages are not recoverable under the FHA due to sovereign immunity. *See* 2024 WL 1579797, at \*3 (holding that the FHA does not contain an explicit waiver of sovereign immunity). Sovereign immunity is likewise an obstacle to a damages remedy for Multi-Choice's preemption claim. *See Odebrecht Const., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013). As this Court explained in *Odebrecht*, "In the context of preliminary injunctions, . . . the inability to recover monetary damages because of sovereign immunity renders the harm suffered irreparable." *Id.*

                                                            Sincerely,

                                                           */s/ Ashley Gorski*
                                                           Ashley Gorski

American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
agorski@aclu.org

*Counsel for Plaintiffs–Appellants*

Enclosure: *Frishberg*

cc (via CM/ECF):
All appellate counsel of record

2024 WL 1579797
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida, Tampa Division.

Daniel A. FRISHBERG, Plaintiff,

v.

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, et al., Defendants.

Case No. 8:24-cv-22-TPB-NHA
|
Signed April 11, 2024

**Attorneys and Law Firms**

Daniel A. Frishberg, Mountain View, CA, Pro Se.

Sacha Dyson, Bush, Graziano, Rice & Platter, P.A., Tampa, FL, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

TOM BARBER, UNITED STATES DISTRICT JUDGE

**\*1** This matter is before the Court on Defendants University of South Florida Board of Trustees' and HRSE-Capstone Tampa, LLC's motion to dismiss, filed on January 15, 2024. (Doc. 16). The Court elected to treat Defendants' response to Plaintiff Daniel A. Frishberg's motion for a temporary restraining order as a motion to dismiss and directed Plaintiff to respond to the motion. (Docs. 18; 20). Plaintiff filed his response in opposition on February 6, 2024. (Docs. 24; 25). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background [1]

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff Daniel A Frishberg, a student at the University of South Florida ("USF"), owns a cat which he alleges he uses as an emotional support animal. USF initially recognized the cat as an emotional support animal and allowed Plaintiff to have the cat in his dorm building. USF's policies, however, precluded Plaintiff from taking the cat out of his room. While Plaintiff's filings do not set forth a clear timeline of events, it appears that after Plaintiff allowed the cat outside of his room and into common areas of the dorm, USF imposed a requirement that Plaintiff pay a fee and take educational courses on civility as a sanction for his violation of the rules. When Plaintiff failed to comply and failed to comply with a directive to remove the animal, Defendants terminated Plaintiff's lease for the room, changed the lock system so that Plaintiff no longer had access to the room, and removed his personal belongings. Plaintiff alleges that there is no comparable, adequate housing available for him.

Plaintiff contends that Defendants' refusal to accommodate his request to have his emotional support animal outside of his room and other actions – including their imposition of sanctions, termination of his rental agreement, and locking him out of his room – constitute discrimination and retaliation in violation of the federal Fair Housing Act ("FHA"), as well as breaches of Defendants' duties under other statutes and common law principles.

On November 28, 2023, Plaintiff filed suit in small claims court in Hillsborough County making essentially the same allegations presented in this case. On December 19, 2023, Plaintiff filed an amended complaint in that case and a motion seeking essentially the same injunctive relief sought in the instant motion. The defendants in that case moved to strike the complaint and motion, arguing that the amended complaint was improperly filed without leave of court and that Plaintiff's claims could not properly be brought in small claims court.

**\*2** That state court suit remains pending, but on January 3, 2024, Plaintiff brought this suit.[2] In his complaint, he alleges several claims for relief under the FHA, the Florida Fair Housing Act ("FFHA"), the Americans with Disabilities Act ("ADA"), and breach of contract related to the housing agreement.

2   Plaintiff filed a motion to proceed *in forma pauperis*, which the Court granted. (Doc. 5).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case proceeds *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform to procedural rules, and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### Counts 1, 2, 4, 6, 7, 8, 9, 10, and 13

In Counts 1, 2, 4, and 6, Plaintiff asserts various violations of the FHA by Defendants. In Counts 7, 8, 9, and 10, he asserts various violations of the FFHA. In Count 13, Plaintiff asserts a "retaliation" claim under either the FHA, the FFHA, or both. However, it appears that Eleventh Amendment immunity bars each of these claims.

The Eleventh Amendment provides a state with immunity from suits by private individuals in federal court unless the state has consented to be sued, the state has waived its immunity, or Congress has abrogated the state's immunity. *Doe v. Florida Gulf Coast Univ. Bd. of Trustees*, No. 2:23-cv-245-SPEC-KCD, 2023 WL 5834865, at *2 (M.D. Fla. Sept. 8, 2023). The USF Board, as the governing body of a state university, is an "arm" of Florida and may be entitled to Eleventh Amendment immunity. *See University of South Fla. Bd. of Trustees v. CoMentis, Inc.*, 861 F.3d 1234, 1237 (11th Cir. 2017) (citing *Williams v. District Bd. of Trustees of Edison Cmty. Coll., Fla.*, 421 F.3d 1190, 1195 (11th Cir. 2005)); *Souto v. Fla. Int'l Univ. Found., Inc.*, 446 F. Supp. 3d 983, 990 (S.D. Fla. 2020) (collecting cases). Defendant HRSE may be entitled to Eleventh Amendment immunity because its only role with respect to this matter is that it owns the dorm building. *See Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1311 (11th Cir. 2000) (private corporation that is neither controlled nor funded by state may be protected by immunity when clearly acting as agent of state).

 *3  Florida has not consented to suit brought in federal court under the FHA or FFHA. Neither the FHA nor the FFHA contain an explicit waiver of sovereign immunity. *See* 42 § U.S.C. 3613, *et seq.*; § 760.20, *et seq., F.S.*; *Rattner v. 1809 Brickell, LP*, No. 1:21-cv-23426-KMM, 2022 WL 19331241, at *7 (S.D. Fla. Apr. 18, 2022) ("Nor does the Fair Housing Act, 42 U.S.C. §§ 3601-3631, contain a waiver of sovereign immunity."). Moreover, as to the FHA, "the language of the Fair Housing Act does not make 'unmistakably clear' that Congress intended to abrogate. It contains no provision evidencing such intent." *McCardell v. United States HUD*, 794 F.3d 510, 522 (5th Cir. 2015) ("We hold that Congress did not make clear an intent to abrogate States' Eleventh Amendment sovereign immunity from suits brought under the Fair Housing Act....").

Plaintiff argues that Defendants' receipt of federal funds constitutes a waiver of sovereign immunity under the Rehabilitation Act. But Plaintiff's housing discrimination or retaliation claims in these counts are not brought under the Rehabilitation Act. And just because the state may waive immunity for one type of claim (such as the Rehabilitation Act) does not mean that it waives immunity for all possible claims (such as those under the FHA or FFHA).

To try to save his suit, Plaintiff argues that *Ex parte Young* establishes an exception to a state's Eleventh Amendment immunity. However, Plaintiff asserts no § 1983 claims against state officers related to prospective equitable relief and continuing violations of federal law. *See McClendon v. Georgia Dept' of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001). Even if he did, *Ex parte Young* "does not permit suit against state agencies or the state itself, even when the relief is prospective." *Eubank v. Leslie*, 210 F. App'x 837, 844 (11th Cir. 2006).

Therefore, Defendants enjoy Eleventh Amendment immunity as to all of Plaintiff's housing discrimination and retaliation claims. Defendants' motion is granted, and Counts 1, 2, 4, 6, 7, 8, 9, 10, and 13 are dismissed for lack of jurisdiction.

***Count 3 – ADA Sec. 36.302 Violation***
In Count 3, Plaintiff appears to assert a claim under Americans with Disabilities Act. Specifically, he cites to 28 C.F.R. § 36.402 and claims that Defendants failed to make "extremely reasonable accommodations" despite numerous requests that would have allowed Plaintiff to have his emotional support animal in the common area. To the extent that Plaintiff's complaint can be interpreted to include a claim under Title II of the ADA, it fails to state a claim as a matter of law.

"Title II of the Americans with Disabilities Act prohibits public entities (which includes instrumentalities of state and local governments ...) from discriminating against qualified individuals with disabilities." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016). The regulations interpreting Title II make a distinction between service animals (for example, "seeing eye" dogs for blind people) and emotional support animals. The regulations specifically provide protections for the use of service animals, but emotional support animals are excluded from coverage. *Maubach v. City of Fairfax*, No. 1:17-cv-921, 2018 WL 2018552, at *6 n.6 (E.D. Va. Apr. 30, 2018); *see also* 28 C.F.R. §§ 36.104; 36.302. Consequently, there is no claim under Title II of the ADA related to the denial of an emotional support animal. *See id.*; *Sykes*, 837 F.3d at 740 (" 'Emotional support animals' are not considered service animals which fall under Title II's mandate.") (quotation omitted); *Toma v. 38th Dist. Court*, No. 18-cv-11066, 2019 WL 1897157, at *2 (E.D. Mich. Apr. 29, 2019) (dismissing plaintiff's claim that the defendant failed to reasonably accommodate his disability by prohibiting his emotional support dog from entering courthouse); *Baird v. 1600 Church Rd. Condo Ass'n*, No. 17-4792, 2017 WL 5570333, at *4 (E.D. Pa. Nov. 17, 2017) ("[T]he ADA does not provide protection for emotional therapy dogs as accommodations for disabilities.").

**\*4** It is undisputed that Plaintiff's cat is not a service animal. Consequently, any ADA claim fails as a matter of law. Defendants' motion to dismiss is granted as to this ground. Because amendment would be futile, Count 3 is dismissed with prejudice.

***Count 5***
The complaint contains a scrivener's error in that it does not include a Count 5, skipping from Count 4 to Count 6. The Court notes this mistake for the purpose of clarity and completeness.

***Count 11***
In Count 11, Plaintiff asserts an "intimidation" claim. This is not a recognized cause of action that can be the basis of a lawsuit. To the extent that Plaintiff's allegations pertaining to "intimidation" may support some sort of tortious conduct claim, because Florida has not waived immunity for this type of tort claim, the Eleventh Amendment applies. *See* § 768.28(1), *F.S.* (waiving immunity for actions to recover damages in tort for "injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee ... while acting within the scope of the employee's office or employment ..."); *Terrell v. United States*, 783 F.2d 1562, 1565 (11th Cir. 1986); *Wells*, 2021 WL 883333, at *4 (citing *Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990)). Consequently, Count 11 is dismissed as an independent cause of action and for lack of subject matter jurisdiction to the extent it alleges any tort claim.

***Count 12***
In Count 12, Plaintiff seeks "to enforce the law" and requests relief under 42 U.S.C. §§ 3613(b)(1), (b)(2), and (c)(1). Enforcement is not an independent cause of action, and this statutory section merely explains how and when to commence civil actions for discriminatory housing practices, along with the type of relief that may sought. Count 12 is therefore dismissed to the extent it asserts an independent cause of action.

***Counts 14, 15, 16, and 17***

In Counts 14, 15, 16, and 17, Plaintiff asserts breach of contract and related claims.[3] However, Eleventh Amendment immunity bars Plaintiff's breach of contract claims in federal courts. *See Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1288 (11th Cir. 2003) (holding breach of contract claim in federal court was barred on Eleventh Amendment immunity grounds); *Doe*, 2023 WL 5834865, at *2. Consequently, Counts 14, 15, 16, and 17 are dismissed for lack of subject matter jurisdiction.

[3] The Court categorizes Count 14 (fraudulent inducement), Count 15 (breach of implied terms of contract including covenant of good faith), and Count 16 (unconscionability) as contractual claims, although they do not fit perfectly into that category, because Plaintiff essentially asks the Court to find the housing agreement unenforceable against him. But even if these are not strictly "breach of contract" claims, the Court notes that the state of Florida continues "to enjoy sovereign immunity from quasi-contractual claims such as unjust enrichment" in its own courts. *Id.* (quoting *Veolia Water N. Am. - S, LLC v. City of Everglades City*, No. 2:18-cv-785-FTM-99UAM, 2019 WL 1921900, at *4 (M.D. Fla. Apr. 30, 2019)).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendants' motion to dismiss (Doc. 16) is hereby **GRANTED**.

2. Counts 1, 2, 4, 6, 7, 8, 9, 10, 11 (in part), 13, 14, 15, 16, and 17 are **DISMISSED WITHOUT PREJUDICE**, without leave to amend, for lack of jurisdiction on the basis of Eleventh Amendment immunity. If Plaintiff wishes to pursue these claims, he may choose to do so in state court to the extent possible, but they may not be re-filed in this Court.

***5** 3. Count 3 is **DISMISSED WITH PREJUDICE** for failure to state a claim.

4. Count 5, 11 (in part), and 12 are **DISMISSED** as independent causes of action, without leave to amend.

5. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of April, 2024.

**All Citations**

Slip Copy, 2024 WL 1579797

---

**End of Document**                                       © 2024 Thomson Reuters. No claim to original U.S. Government Works.